## JOHN B. ALEXANDER AND OTHERS V. WALKER K. BAYLOR.

See this case as to the rule that all the instruments of writing whereby a single transaction is consummated are to be taken and construed together; and as to the rule that the name of a party written in the body of an instrument declared on, is to be taken as his signature, same as if written at the bottom, unless the execution of such instrument be denied under oath.

See this case as to the effect of an agreement between a vendor and vendee, that the purchase money for which the latter gives his note payable one day after date, shall not be demanded until the former "is ready to make a deed for the land," which was then in litigation.

Where one ground for an injunction against a judgment by default was, that the defendant had paid the plaintiff a large part of the demand after the suit was commenced, and the latter had promised in consideration thereof to dismiss the suit at his own costs, which he failed to do, but took judgment for the full amount, it was held that it did not appear that the plaintiff was seeking to enforce payment without giving the proper credit, but if he was, the complainant was not entitled to enjoin the collection of the entire judgment because of the payment of a part, and his sureties were therefore liable on the injunction bond.

Error from Bexar. Tried below before the Hon. Thomas J. Devine.

On the 13th of July, 1853, W. K. Baylor, who held the title bond of W. D. Mays for 640 acres of land included in the suit of Gilbeau v. Mays, commenced in the District Court of Bexar county on the 2d of July, and finally decided in this Court in favor of said Mays at the Austin Session, 1855, sold the same to J. B. Alexander, the plaintiff in this suit. Mays testified that the agreement at the time was that Alexander was to look to him for a title; and accordingly Mays took up his bond to Baylor, and gave Alexander a bond to make him a title, reciting that the

land was patented to Henry M. Lewis; that Alexander had given Mays his note for $1442, payable one day after date, but that said note was not to be paid until the title to the said land "is perfected," but that said note should bear interest. Said amount was the purchase money due Mays from Baylor. Same day, 13th July, 1853, Alexander gave to Baylor his note for $1280, payable one day after date, secured by mortgage on the land. After Alexander's signature to the mortgage, was the following memorandum: The condition of the above instruments is such, that I, W. K. Baylor, do obligate myself not to call on John B. Alexander for the amount therein mentioned until W. D. Mays is ready to make the said John B. Alexander a deed to the same without further signature.

On the 28th of February, 1854, Baylor instituted suit against Alexander on his note, and accompanied the Deputy Sheriff when the latter went to serve the citation. Baylor told Alexander that if he would compromise any way, and pay him part of the money and the balance in a reasonable time, he would withdraw the suit. Alexander paid him $550 60; did not agree to pay the balance at any stated time, but said he would pay it when he could; he said he did not want to pay any more until he got a title from Mays; that he did not think Mays was ready to make him a title, and that he did not like to pay anything more until Mays was ready and he could get a title. At same time Baylor agreed to dismiss the suit on the note at his own costs. But this he failed to do; and on the 4th April, 1854, judgment was entered in said suit against Alexander by default for the full amount of the note and interest, to wit: for $1354 62.

On the 21st of June, 1854, Alexander commenced this suit to enjoin said judgment. The petition alleged the memorandum indorsed on the mortgage, as a contract on the part of Baylor that the payment of the note was not to be demanded until Mays could make a title for the land free from litigation; alleged the part payment, for which no credit was allowed, and alleged that when the same was made, Baylor agreed that the balance should not be demandable until the title to said land should be established; and prayed judgment for the amount so paid in case the suit of Gilbeau v. Mays should be decided against the latter. After the suit of Gilbeau v. Mays was finally decided in favor of the latter, Alexander amended, alleging that Gilbeau still threatened to bring another suit within the year allowed by law to do so.

Baylor answered, admitting the part payment, but denying

36

that he agreed to dismiss the suit, or await the event of the suit of Gilbeau v. Mays; also denying that he had contracted at all to the effect that the note should not be demandable until Mays could make plaintiff a title free from litigation.

The trial took place at °the Spring Term, (April 11th,) 1856. The substance of all the evidence has been already stated chronologically, except that Mays testified that after the execution of his bond to plaintiff, and before the suit by Baylor on the note for $1280, witness offered to make plaintiff a full warranty title to the land, and plaintiff agreed to receive it, and said it was all he wanted. They appointed a time to come to town to make the title, but plaintiff failed to come. It was admitted that Mays was a very solvent man. A witness testified that he was Gilbeau's attorney, and had instructions to bring a new suit for the land within the year, and would certainly do so.

The Court instructed the jury as follows:—

1st. The defendant Baylor is not affected by any written contract or agreement between Mays and the plaintiff Alexander, to which he was not a party.

2d. The defendant Baylor is not bound by the written memorandum on the mortgage deed, executed by Alexander in favor of Baylor, unless it is shown that he pledged himself, or led Alexander to believe, that he would sign it.

3d. If you believe from the evidence, that Baylor agreed with Alexander not to enforce by law, his claim against Alexander until the suit of Gilbeau against Mays was decided, defendant Baylor is nevertheless entitled to recover the amount of his debt, after deducting the amount paid him by Alexander, unless you are satisfied from the evidence that Gilbeau has commenced a new suit against Mays for the land since the judgment against him, Gilbeau, in the Supreme Court.

The following instruction was asked by plaintiff, and refused:—

That if the jury believe from the evidence, that Baylor agreed, in consideration of plaintiff's paying the sum of $500, to dismiss the suit, and by such representation and agreement induced Alexander to neglect making his defence to said suit, then that said judgment is null and void.

Verdict for defendant for $834 02 principal, and $113 50 interest. Judgment that the injunction be dissolved, and that defendant recover of the plaintiff and his sureties in the injunction bond, naming them, the said principal and interest; that defendant pay the costs which accrued previous to Oct. 5th, 1854,

at which time he had entered a remittitur of the credit of $550 60; and that plaintiff and his sureties pay the costs subsequently accrued. Motion for new trial overruled. Writ of error by plaintiff and his sureties in the injunction bond.

The Opinion which follows is the only one that has been furnished to the Reporters. It is presumed the case was first disposed of without a written Opinion. There was a petition for a re-hearing by the sureties, in which it was contended that the injunction was never dissolved in whole or in part; that the condition of the injunction bond was never broken; and that the allegations of the petition, proved on the trial, showed that the injunction was rightfully issued, although at the time of the trial the debt might be considered as having become due.

*W. B. Leigh* and *J. Denison*, for plaintiff in error. I. The Court erred in the first instruction, because, under the facts, it was calculated to mislead the jury. The agreement between Mays and Alexander was not introduced to vary or qualify the contract between Alexander and Baylor, but simply as a part of the testimony to show what was the contract. Under this instruction the jury were led to believe that they must disregard it altogether.

II. The Court erred in the second instruction to the jury. Where a party has an instrument in his possession, the presumption is that all indorsements made thereon, or conditions attached thereto, are made or attached with the consent of the holder. The instruction then is erroneous in this, that it led the jury to believe that there must be positive, and not presumptive proof that the indorsement was made, or the condition attached, with the consent of Baylor.

III. The Court erred in the third instruction. Under our statutes the plaintiff has the right to institute and prosecute two suits for the recovery of land. If then Baylor obligated himself "not to call on J. B. Alexander for the amount therein (the mortgage) mentioned, until W. D. Mays is ready to make John B. Alexander a deed," and Mays could not make the deed, "until the title to the said land is perfected," it appears to us to be clear that a suit could not be maintained on the note, until the second suit had been terminated, or the time allowed by the statute for instituting it had elapsed. The evident intention of the parties was that the land should be freed from litigation, before the

purchase money could be recovered. This appears not only from the condition attached to the mortgage but from the subsequent agreement, as shown by the testimony.

IV. The Court erred in refusing to grant a new trial, for reasons already stated.

*I. A. & G. W. Paschal*, for defendant in error. I. Whether Baylor promised to dismiss the original suit or not, or whether he ought to have dismissed it, is a matter of no consequence; as Baylor showed himself legally entitled to a judgment for the purchase money. And the last judgment could as well have been rendered upon the note as the first judgment. The first judgment merged the note and the last judgment merged the first.

The contingency which Alexander said was to happen, had happened; and there was no objection interposed to the judgment, except the threat of an attorney of Gilbeau to commence a second suit against Mays. And suppose he had? The suit pending was certainly the contingency referred to; not one thereafter to be commenced.

II. The errors assigned are all untenable. Baylor could not be bound by any contract between Alexander and Mays to which he, Baylor, was not a party.

III. The memorandum upon the mortgage was not signed, nor was it material, the contingency having happened.

IV. The 3d instruction was altogether too favorable to the appellant. There was no proof that a second suit had been commenced, but the contrary; therefore there was no hypothetical question about it. We ask an affirmance with damages.

WHEELER, J. It does not appear that the agreement, between the plaintiff and defendant, for forbearance to enforce payment, was made to depend upon the suit of Gilbeau v. Mays. The answer distinctly denies that it was, and alleges that payment was to be made when Mays would agree to make title. The evidence conduces to support the answer in this particular; and establishes, moreover, that Mays did agree to make, and the plaintiff to accept the title before the bringing of the suit complained of; and that it was the fault of the latter that it was not made. It does not appear, therefore, that the suit was prematurely brought, or the injunction rightly obtained. It does not appear that the plaintiff in the judgment enjoined was seeking

to enforce payment without giving the proper credits; but if he was, the complainant was not entitled to enjoin the collection of the entire judgment, because of the payment of a part. (Hart. Dig. Art. 1598.) We conclude the judgment, on the whole was right; and the application for rehearing is therefore refused.

Judgment affirmed.