*June Term, 1860.*

BENEDICT
v.
THE STATE.

---

### BENEDICT vs. THE STATE.

The caption of an indictment was as follows: "At a term of the circuit court for the county of Portage in the State of Wisconsin, begun and held at the court house, in the village of Plover, in the County of Portage aforesaid (stating the time when, and the judge by whom said term was held), the jurors for the grand jury for the state of Wisconsin aforesaid, good and lawful men, duly summoned, empannelled, tried and sworn, inquiring in and for the body of the county of Portage aforesaid, on their oaths aforesaid, do present:" *Held,* that it was sufficient.

| 12 | 313 |
|----|-----|
| 74 | 451 |
| 12 | 313 |
| 80 | 410 |

| 12 | 313 |
|-----|------|
| 115 | 5 55 |

Where a defendant in a criminal action has any exception to take to the proceedings on his trial in the circuit court, arising out of any matter which does not regularly appear in the record, he should make and file his bill of exceptions, which, being allowed by the judge, becomes a part of the record, or, if it be a proper case for a report to this court, under the statute, should see that such exceptions are embodied therein; otherwise this court cannot judicially know that such matters of exception exist.

Every judgment or sentence of imprisonment in the state prison, must direct that the convict be punished by confinement at hard labor, and also by solitary imprisonment (for such term as the court shall direct, not exceeding twenty days at one time); and if the sentence is silent as to such hard labor or such solitary imprisonment, it is erroneous.

A statement in the record that the court gave the prisoner the following sentence, "That you now be remanded back to jail, and that the sheriff do convey you to the state prison, and then and there to be confined during your natural life," purports to be merely a memorandum by the clerk of the language addressed by the judge to the defendant, and cannot be received as the record of the judgment of a court in a criminal proceeding.

In such a case, the proper practice is for the appellate court to remit the record to the court below, with a direction that it proceed to give judgment upon the conviction according to law.

ERROR to the Circuit Court for *Portage* County.

Indictment for murder. The caption of the indictment was as follows: "State of Wisconsin, County of Portage, ss. At a term of the circuit court for the county of Portage, in the State of Wisconsin, begun and held at the court house in the village of Plover, in the county of Portage aforesaid, on the second Monday, in the month of May, in the year of our Lord one thousand eight hundred and fifty eight, before the Hon. GEORGE W. CATE, judge of the seventh judicial circuit in the State of Wisconsin, the jurors for the grand jury for the State of Wisconsin aforesaid, good and lawful men, duly summoned, empannelled, tried and sworn, inquiring in and for the body of the county of Portage aforesaid, on their oaths aforesaid do present," &c. Plea, not guilty.

After verdict against the defendant, a motion for a new trial was made and overruled, but no case or bill of exceptions was settled. After a motion in arrest of judgment overruled, the record proceeded as follows: "The prisoner being now brought into court to receive the sentence, the court gave said prisoner the following sentence: 'That you now be remanded back to jail, and that the sheriff do con-

vey you to the state prison, and then and there to be con-
fined during your natural life.' "

Alban & Parks, for plaintiff in error.

J. H. Howe, Attorney General, for the state.

By the Court, DIXON, C. J. The objection taken by the
counsel for the plaintiff in error to the caption, or formal
statement, describing the court before which, and the grand
jurors by whom, the indictment in this case was found, are
clearly untenable. The caption is in the usual form, and
contains as full and accurate recitals of the preliminary steps
or proceedings up to, and including the time the plaintiff
was actually charged with the offense, as are commonly
found in such instruments. It sufficiently appears before
what court the prisoner was charged, and that the indict-
ment was presented by a jury of good and lawful men, who
were duly summoned, empannelled, tried and sworn. The
authorities cited only go to the extent of showing that indict-
ments defective in these particulars, or by which it appears
that the preliminary proceedings were irregular, and not in
compliance with law, will be considered bad, and that courts
will indulge in no presumptions against the statements of
the record. No exceptions having been taken and settled,
the other objections, save those to the form and substance of
the judgment, cannot be noticed. If a party has any excep-
tion to take to the proceedings in his trial, arising out of any
matter which does not regularly appear in the record, he
should make and file his bill of exceptions, which, being al-
lowed by the judge, becomes a part of the record, of which
he may avail himself upon a writ of error; or in a proper
case, he should see that such exceptions are embodied in a
proper report, to be made to this court pursuant to the pro-
visions of the statute. Otherwise, it is impossible for a court
for the correction of errors, to judicially know that such
matters of exception exist.

So far as the objections to the supposed judgment are con-
cerned, it is perfectly clear that they are well taken. The
sentence differs so widely from that prescribed by the stat-
ute, that there is no room for doubt or comment. The 5th

sec. of chap. 150 of the Statutes of 1849 (identical with sec. 5 of chap. 181 of the Statutes of 1858), provided that, "In every case in which the punishment of imprisonment in the state prison is awarded against any convict, the form of the sentence shall be, that he be punished by confinement at hard labor, and he shall also be sentenced to solitary imprisonment for such term as the court shall direct, not exceeding twenty days at one time; and in the execution of such punishment, the solitary imprisonment shall precede the punishment by hard labor, unless the court shall otherwise order." The effect of this provision is very obvious. It makes hard labor and solitary confinement constituent and indispensable elements or parts of every judgment where by law the crime or offense is punishable by imprisonment in the state prison. Without them there is no such sentence as the law authorizes or requires. This point was directly decided by this court in the case of *Fitzgerald vs. The State*, 4 Wis., 395; and it was there held, also, that it made no difference that the sentence pronounced was milder than that prescribed by law. The supposed judgment in this case, in addition to being entirely silent upon both the hard labor and solitary imprisonment, is not in the form of a judgment, and does not purport to be the sentence or adjudication of the court upon the verdict found by the jury. The court does not order or adjudge that the convict be imprisoned in the state prison for and during the period of his natural life, &c., but the record purports to be merely a memorandum by the clerk of the language of the presiding judge, addressed to the accused, and is in these words: "That you now be remanded back to jail, and that the sheriff do convey you to the state prison, and then and there to be confined during your natural life." Such a loose memorandum as this can never be received as the record of the formal and solemn judgment of a court in a criminal proceeding. It would not be sufficient in a civil action. For these reasons, upon which it seems useless to enlarge, we are of opinion that the sentence or judgment, which the law declares shall be pronounced upon the plaintiff in error, for the crime of which he stands regularly convicted, according to the laws of the state, has not yet been

pronounced; and since it is doubtful whether this court has the power to supply the deficiency, the proper course appears to be for us to order the court below to proceed to give judgment on the conviction. In thus disposing of this case, we have adopted the practice of the court of King's Bench in England, where under like circumstances a *procedendo* is awarded. See *King vs. Kenworthy*, 1 Barn. & Cress., 711 (8 E. C. L., 196), and *Regina vs. Holloway*, 5 E. L. & E., 310. This course appears to us to be not only rational and correct, but the only one which, in many cases, will save the justice of the state in criminal proceedings from being entirely defeated, through the mistakes or oversights of clerks and other officers, in matters not reaching or at all affecting the merits of the controversy or the legal rights of the accused. It is, also, in keeping with the spirit of the act of April 2d, 1860 (chapter 364, Laws of 1860), by which it is provided that in case this court shall reverse any judgment in a criminal case, upon writ of error thereafter brought, for any defect, illegality or irregularity in the proceedings subsequent to the rendition of the verdict of the jury therein, it shall be competent for this court to pronounce the proper judgment, or remit the record to the court below, in order that it may be there pronounced.

The case must, therefore, be remitted to the court below, with directions that that court proceed to pronounce the judgment required by law. The plaintiff in error being now confined in the state prison, without legal authority, ought to be surrendered to the sheriff of the proper county, in whose custody he will remain until the proper sentence can be pronounced.