## L. P. Wood v. The State.

*No. 1067.     Decided January 27th, 1897.*

**Judgment—Must Show Defendant's Plea.**

Under the third subdivision of Article 831, Code Crim. Proc., it is required that the plea of the defendant must be shown in the judgment rendered; and the record on appeal must show such a judgment in all criminal cases.

Appeal from the County Court of Kaufman.    Tried below before Hon. Nestor Morrow, County Judge.

Appeal from a conviction for unlawfully carrying a pistol; penalty, a fine of $25.

No statement necessary.

*Lee R. Stroud,* for appellant.—The record in this case does not show that the defendant pleaded not guilty in the trial court, and does not show that any plea whatever was entered by or for him, and the case was tried without an issue formed, and for this reason the appellant says that the judgment of conviction cannot stand against him.    Where the record fails to show that the plea of not guilty was entered by or for the defendant upon the minutes of the court and at the proper time, the judgment of conviction cannot stand.

There was no plea, see, verdict and judgment.    Code Crim. Proc., Arts. 516, 517 and 603; also Code Crim. Proc., Art. 791, clause 3; Stacey v. State, 3 Tex. Crim. App., 121; Parchman v. State, 3 Tex. Crim. App., 225; Peler v. State, 3 Tex. Crim. App., 347; Satterwhite v. State, 3 Tex. Crim. App., 428; Hunt v. State, 4 Tex. Crim. App., 53.    Applies to misdemeanors, Thompson v. State, 4 Tex. Crim. App., 93.    There are other authorities too numerous to mention, unless required.

The plea must be entered "at the very time of going to trial."    Huddleston v. State, 14 Tex. Crim. App., 73; Knight v. State, 7 Tex. Crim. App., 206; Gerard v. State, 10 Tex. Crim. App., 690; Hunt v. State, 4 Tex. Crim. App., 559.    The plea must not only be made at the proper time, but must be "entered at the proper time."    Huddleston v. State, 14 Tex. Crim. App., 73; Pate v. State, 21 Tex. Crim. App., 191. The place that the plea must now appear is "in the judgment."    Pate v. State, 21 Tex. Crim. App., 191, construing Code Crim. Proc., Art. 791, clause 3.

*Mann Trice,* Assistant Attorney-General, for the State, also suggests that the record judgment fails to contain the plea of defendant in the court below.

HENDERSON, Judge.—Appellant was convicted of unlawfully carrying a pistol on and about his person, and fined $25; hence this appeal. The judgment in this case fails to show that the defendant entered a

plea. There is nothing in the record to show that the defendant pleaded to the indictment at all, except the recitation in the charge of the court that he had entered a plea of not guilty. Article 553, Code Crim. Proc., 1895, provides: "If the defendant answer that he is not guilty, the same shall be entered upon the minutes of the court. If he refuse to answer, the plea of not guilty shall also be entered." Article 640 provides: "In all cases less than capital, the defendant is required when his case is called for trial, before it proceed further, to plead by himself or his counsel whether he is guilty or not." Article 831 shows the formalities required in the judgment. This is applicable to a felony judgment. In Want v. State, 14 Tex. Crim. App., 24, it was held that the requisites prescribed for judgments in misdemeanor cases shall be the same provided in felony cases, except the tenth clause of Article 831. The third clause of said article requires the plea of the defendant to be shown in the judgment. It has been held, in a number of cases before this court, that the record of the judgment must show said plea. See, Huff v. State, 25 S. W. Rep., 772; Tamplin v. State, 32 S. W. Rep., 542. Because the judgment does not contain the plea of the defendant in this case, the judgment of the lower court is reversed, and the cause remanded.

*Reversed and Remanded.*