## Tom McHowell v. The State.

No. 2115. Decided November 8, 1899.

**1. Appeal Bond—Signature of Obligors.**

On appeal from a justice to the county court, the appeal was dismissed on the ground that the bond was not signed by the principal and sureties. Held, the evidence showing that said obligors signed their names in the body of the bond, where their names appeared, with intent to obligate themselves, was a sufficient signing and compliance with the law, though such practice is not commended.

**2. Appeal from Justice Court—Final Judgment.**

A final judgment in the justice court is a prerequisite to an appeal to the county court, and the transcript must contain the final judgment to give jurisdiction. The absence of a final judgment itself, in the transcript, can not be supplied by recitals in the appeal bond that there was such judgment.

**3. Same—Jurisdiction.**

Where a case is appealed from a justice to the county court, and is there dismissed, or should have been dismissed for want of final judgment, and appeal is taken to the Court of Criminal Appeals, the latter court only obtains such jurisdiction as the county court possessed; and where there was no final judgment in the justice court, the appeal will be dismissed in this court.

APPEAL from the County Court of Shelby. Tried below before Hon. JOHN W. STEPHENSON, County Judge.

Appeal from a judgment of the County Court dismissing an appeal from a justice court.

A motion was made by the Assistant Attorney-General to dismiss the appeal because there was no final judgment in the justice court.

No briefs on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.—There was no final judgment entered in the Justice Court of precinct No. 6 of Shelby County, Texas, from which an appeal could be prosecuted to the County Court. Article 845, Code of Criminal Procedure, provides what shall constitute a final judgment in cases of misdemeanor. It provides that the judgment shall adjudge the pecuniary fine, to the effect that the State of Texas shall recover from the defendant the amount of said fine and all costs of prosecution, and that it shall further adjudge that the defendant be either committed to jail until such fine and costs

are paid, or a capias issue commanding the sheriff to arrest the defendant and commit him to jail until such fine and costs are paid; and also that execution be awarded. It has been held that a judgment in a misdemeanor, when the judgment is for a fine, is the same as in a civil case. See Metcalfe v. State, 21 Texas Crim. App., 174.

And it has been uniformly held that the judgment which does not finally dispose of the issues is not such a judgment as can be appealed from. Code Crim. Proc., art. 845.

The County Court obtained jurisdiction by virtue of an appeal from the final judgment in the Justice Court. The Court of Criminal Appeals obtains only such jurisdiction as the County Court might have. It is therefore respectfully submitted that there is no final judgment in the record from which such appeal could be prosecuted from the Justice Court.

. HENDERSON, JUDGE.—This is an appeal from a judgment of the County Court dismissing the appeal from the Justice Court. The appeal was dismissed by the County Court on the ground that the appeal bond was not signed by the principal and the sureties. We find in the record the appeal bond from the justice to the County Court in proper form. There is no signature at the bottom of said bond, but it is marked: "Approved, this 24 day of Feb., 1898. J. C. Courtney, Justice of the Peace, Precinct No. 6, Shelby County, Texas." In the body of the bond we find this recitation: "Therefore we, the said Tom McHowell, as principal, and J. T. McHowell, A. M. Oliver, and Henderson Wheeler, as his sureties, do hereby bind ourselves, our heirs, executors, and administrators," etc. Then follows the amount, terms, and condition of the bond. In connection with this, the record shows that appellant testified in the court below that he and the sureties signed said bond in the body, where their names occur, with intent to obligate themselves as principal and sureties on said bond. In our opinion, this is a sufficient signing of the bond in question. Fulshear v. Randon, 18 Texas, 275; Alexander v. Baylor, 20 Texas, 560; Newton v. Emerson, 66 Texas, 142; Taylor v. State, 16 Texas Crim. App., 514. While we hold such signing of a bond is a sufficient compliance with the law, yet we would by no means be understood as commending this practice.

The Assistant Attorney-General has filed a motion to dismiss this appeal because there is no final judgment from the Justice Court in the record. We have examined the transcript very carefully in order to ascertain if it contains the judgment of the Justice Court. We find none. Although the bond taken in the Justice Court recites a judgment in the Justice Court, yet, in the absence of the judgment itself, we can not take the recitals of the bond in lieu thereof. It is necessary in a case of misdemeanor that the justice of the peace render a judgment, and have the same entered on his docket. Code Crim. Proc., art. 845; Want v. State, 14 Texas Crim. App., 24; Wood v. State, 37 Texas Crim. Rep., 89; Metcalf v. State, 21 Texas Crim. App., 174. There must be

a final judgment disposing of the issues contained.in the transcript before this court has or can exercise jurisdiction. Where a case is appealed from a justice to the county court, and is there dismissed, and an appeal is then prosecuted to the Court of Criminal Appeals, the latter obtains only such jurisdiction as the county court may have had. As the case should have been dismissed there for the want of a final judgment, it should accordingly be dismissed here. The motion of the Assistant Attorney-General is sustained, and the appeal is therefore dismissed.

.        *Dismissed.*