### In re DE LONDI.
### No. 225.

District Court, D. Kansas, First Division. Oct. 28, 1931.

Wm. G. Lynch, of Kansas City, Mo., for petitioner.

L. E. Wyman, Asst. U. S. Atty., of Topeka, Kan., for the United States.

POLLOCK, District Judge.

This is an application for a writ of habeas corpus. The facts as gathered from the record made, are these:

Petitioner was presented to a grand jury in the Eastern district of New York and was indicted by an indictment containing seven counts for as many violations of the different

provisions of what is commonly known as the Harrison Anti-Narcotic Act (26 USCA §§ 211, 691–707). While this much appears from a copy of the indictment attached to the petition in this case, and while a commitment to the Federal Prison at Atlanta, Ga., for a period of fifteen years from and after March 21, 1927, and the return of the writ made thereon by the marshal of the court shows his service by delivering petitioner to the warden of said penal institution, in pursuance of said writ, nothing much further appears of record in this case. It is true, on the certified copy of the indictment the following minutes, presumably there made by the clerk of the court or his deputy, appear:

March 3, 1927—Before Inch, J. Defendant arraigned, plea not guilty, bail fixed at $10,000. Ordered to return March 7, 1927.

March 7, " Before Inch, J. Defendant present, Adjourned to March 9, 1927.

" 9, " Before Inch, J. Defendant present, Case Adjourned to March 10, 1927.

" 10, " Before Inch, J. Defendant present, Case Adjourned to March 16, 1927.

" 16, " Before Inch, J. Defendant present, withdraws plea not guilty, & plea guilty. Sentence adjourned to March 21, 1927, for sentence at 2: P. M. Defendant remanded.

" 21, " Before Inch, J. Defendant present, sentenced to be imprisoned for 15 years at Federal Penitentiary Atlanta, Georgia, without costs. Writ of Commitment issued.

May 17, 1927—Writ of commitment returned and filed. Defendant delivered to warden of Federal Penitentiary, at Atlanta, Georgia.

Now, assuming, although there is nothing whatever so showing appearing on the record in this case, that petitioner was by order of the Attorney General duly transferred from the Federal Prison at Atlanta, Ga., to the Federal Penitentiary at Leavenworth, this state, for confinement, as by law he may do in case of one convicted of crime and sentenced to be punished, yet, in any event, petitioner, being confined in the Federal Penitentiary at Leavenworth in this state on June 3d of this present year, filed this his petition for a writ of habeas corpus to be released from custody of the warden of said institution.

While the warden filed originally his motion to dismiss the application for the writ in this case, thereafter he filed his response to the petition, and the case has now been fully argued and submitted for decision. The record fails to disclose any judgment or sentence of conviction was at any time pronounced by the court upon petitioner, unless the minutes made by some one on the indictment, as same is pleaded, are a sufficient sentence of judgment by the court pronounced upon petitioner. The government affirms and petitioner denies this proposition.

Why no judgment of guilt was formally imposed by the court upon petitioner and duly entered by the clerk of the court on the judgment roll or journal of the court in some substantial form, is neither explained by counsel nor stated by any one.

In passing, I may be permitted to say, as the solution of this problem was in doubt, this court proposed, if so desired by the government, to order the petitioner returned to the court in which he was tried for a proper formal sentence or judgment of conviction to be entered against him. For some reason, such order was not desired by the government, and hence has not been made, and the sufficiency of the record made against petitioner on his trial must now be determined by what is found in the record in this case.

It is fundamental in the law, any officer of the law proceeded against by habeas corpus proceedings for detaining any one in his custody illegally must, if, as here, he admits the custody and imprisonment of the person, justify such custody or imprisonment of the person by the law, or that person must be discharged from such custody or imprisonment. In his response in this case, the warden of the prison at Leavenworth attempts to justify his action of holding petitioner for the remainder of a long term of imprisonment, to wit, fifteen years, on mere minutes of some one written upon the indictment by the grand jury returned against petitioner in this case. Is this sufficient?

In criminal law, a sentence is defined as a judgment on conviction for a crime. State v. Ballard, 122 N. C. 1024, 1025, 29 S. E. 899. Again, the judgment of the court on the termination of a criminal trial wherein the defendant stands convicted is the appropriate word to denote the action of the court before

which the trial is had, declaring the consequences to the convict of the facts ascertained on the trial. State v. Barnes, 24 Fla. 153, 158, 4 So. 560; State v. Moise, 48 La. Ann. 109, 121, 18 So. 943, 35 L. R. A. 701; Munkley v. Hoyt, 179 Mass. 108, 109, 60 N. E. 413; Com. v. Lockwood, 109 Mass. 323, 325, 12 Am. Rep. 699; People v. Adams, 95 Mich. 541, 543, 55 N. W. 461; State v. Henson, 66 N. J. Law, 601, 607, 50 A. 468, 616.

In 12 Cyc. of L. & P. under Criminal Law, p. 785, is found the following: "2. *Requisites of record. a. General Rule as to form.* The record of the entry of the judgment should contain a concise statement of all facts necessary to give jurisdiction, or to show that proper proceedings have been had during the trial from the presentment down to the passing of the sentence, which would sustain a valid judgment." Wright v. State, 103 Ala. 95, 15 So. 506; Miller v. Camden, 63 N. J. Law, 501, 43 A. 1069; Boggs v. State (Tex. Cr. App. 1897) 40 S. W. 306; Williams v. State (Tex. Cr. App. 1897) 40 S. W. 283; Wood v. State, 37 Tex. Cr. R. 89, 38 S. W. 623; Newman v. State (Tex. Cr. App. 1897) 38 S. W. 605; Regan v. Washington Territory, 1 Wash. T. 31; Benedict v. State, 12 Wis. 313.

In Pointer v. United States, 151 U. S. 396, 14 S. Ct. 410, 419, 38 L. Ed. 208, Mr. Justice Harlan, delivering the opinion for the court, stated the three elements that must be shown by the record in a criminal case, as follows: "The record of a criminal case must state what will affirmatively show the offense, the steps, without which the sentence cannot be good, and the sentence itself."

Now, conceding the record pleaded by the plaintiff in this case does state affirmatively what the offense for which the petitioner stood indicted in the trial court, and taking the minutes of some one indorsed on the indictment as tending to show the steps taken against petitioner in court, although not so kept as to make the same a part of the record in the criminal case, yet the record is absolutely barren of any sentence or judgment by a court imposed upon petitioner declaring as to the convicted defendant the consequences the law imposed upon him for his offending. There is nothing showing the court pronounced any judgment except a mere statement by the clerk. These minutes are not part of the records required to be kept in a criminal case at all. As there is no judgment of conviction, the defendant on another trial would never be able to plead former jeopardy.

The warden of the prison herein must show, as the foundation for his warrant to legally justify him in holding petitioner in confinement, a valid judgment or sentence of the trial court having jurisdiction against him. This is not shown. It cannot be a record such as that attempted to be shown by the warden of the prison can be held sufficient to justify the holding of the petitioner for a felony for a period of fifteen years. There is nothing petitioner can show from the record made against him in the trial court whether he was convicted on all or any of the counts or that such conviction was pronounced against him by the trial court. "The safety of the people is the supreme law." Their liberties cannot be abridged or denied them in manner so careless, in form so uncertain, as here presented.

Let the writ issue on such terms as to bond as on application this court will order to be given. It is so ordered.