## WARDEN OF UNITED STATES PENITENTIARY ANNEX AT FT. LEAVENWORTH, KAN., v. DE LONDI.

### No. 689.

Circuit Court of Appeals, Tenth Circuit.

Jan. 9, 1933.

S. M. Brewster, U. S. Atty., and Erskine Wyman, Asst. U. S. Atty., both of Topeka, Kan., for appellant.

Wm. T. Alford and W. G. Lynch, both of Kansas City, Mo., for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

This appeal presents for review a final order or judgment of the United States District Court of Kansas, discharging the appellee from custody of the warden of the penitentiary. The court discharged the prisoner because no record of the judgment of conviction appeared in the proceedings.

The appellee alleges in his petition that he was taken under a commitment to the federal penitentiary at Atlanta and afterwards transferred to the penitentiary at Leavenworth. The transfer was authorized by the Attorney General under sections 831 and 835, title 18, c. 27, U. S. Code (18 USCA §§ 831, 835). White, Warden, v. Kwiatkowski (10 C. C. A.) 60 F.(2d) 264.

The question presented is whether the District Court was justified in holding that there was no proof or showing of a judgment or sentence in this case. 2 F. Supp. 256. The memorandum opinion of the judge shows that he passed on the minutes endorsed by someone, probably the clerk, on the back of the indictment. But this was not all of the evidence. The response to the petition, which was not denied, contained a certificate by the clerk of the docket and minutes of record in his office. They were in part as follows:

"March 16, 1927. Before Inch, J. Deft. present. Withdraws plea of not guilty, plea guilty, remanded to March 21/27 for sentence, at 2 P. M.

"March 21, 1927. Before Inch, J. Deft. present. Sentenced to be imprisoned for 15 years at Federal Penit., Atlanta, Ga., without costs. Writ of commitment issued.

"May 17, 1927. Writ of commitment returned and filed. Defendant delivered to Warden of Federal Penitentiary, at Atlanta, Ga."

It is unnecessary to notice the various decisions which distinguish between minutes and records. There is a technical difference. Ordinarily the clerk keeps a minute book and enters up his orders from the same, as memoranda of the proceedings. But if he puts the minutes of record, as he has certified in this case, they constitute sufficient journal entries of record. See Ex parte Lamar (C. C. A.) 274 F. 160, affirmed 260 U. S. 711, 43 S. Ct. 251, 67 L. Ed. 476.

There is one other contention, and that is that the judgment appears to have been in gross for fifteen years, whereas five years was the maximum sentence on each count of the indictment, seven in number, and therefore the sentence was effective only for one count. But it has been often decided that a judgment in this form is not improper and will be upheld if the aggregate sentence allowed does not exceed the statutory maximum for all. Myers v. Morgan (C. C. A.) 224 F. 413; Brinkman v. Morgan (C. C. A.) 253 F. 553; Adams v. White (C. C. A.) 31 F.(2d) 982.

The judgment in this case is reversed, with direction that an appropriate order be entered for the return of the appellee to the penitentiary at Leavenworth, Kan.

Reversed.