LEVINE v. HUDSPETH, Warden.

No. 1780.

Circuit Court of Appeals, Tenth Circuit.

March 3, 1939.

Enos E. Hook, of Wichita, Kan., for appellant.

Homer Davis, Asst. U. S. Atty., of Topeka, Kan. (Summerfield S. Alexander, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

As disclosed by the record, appellant was indicted in the United States District Court for the Eastern District of Michigan, Southern Division, in Cause No. 24352, the indictment filed in said court on July 30, 1937, containing five counts, charging violation of 18 U.S.C.A. § 317.

On August 9, 1937, appellant entered plea of guilty to said indictment and by the court on said date was sentenced to a term of imprisonment of fifteen years. Appellant later filed motion for leave to withdraw plea of guilty theretofore entered and to enter a plea of not guilty.

On August 20, 1937, an order having been entered denying said motion to withdraw the plea of guilty theretofore entered, appellant was delivered to the custody of the appellee on August 26, 1937.

Petition for writ of habeas corpus was filed June 28, 1938, and denied on July 16, 1938. A petition for rehearing filed August 11, 1938, was denied on August 16, 1938.

In the petition for the writ, a copy of the indictment, judgment and commitment being attached as a part thereof, it was alleged that the judgment and commitment are each void and a nullity in that he was denied the right of counsel; that the court had no jurisdiction to impose a judgment and issue a commitment, as said judgment and commitment were rendered without due process of law, the petitioner having waived none of his constitutional rights.

In said record as of August 20, 1937, it is recited:

"The above named defendant, Milton J. Levine, having made application to withdraw his plea of guilty, heretofore entered in this cause, on the 9th day of August, A. D. 1937, the said defendant being sentenced by this court on the same day to imprisonment for a term of years, at an institution to be designated by the Attorney General of the United States, and the said application having been presented to this court;

"It is hereby ordered that the application of the above named defendant, Milton J. Levine, to withdraw his plea of guilty and enter a plea of not guilty be denied and the same is hereby denied."

The respondent, represented by the Assistant United States District Attorney for the District of Kansas, denied each and every material allegation in the petition except as specifically admitted, as herein set out.

A statement from the trial judge, introduced by both sides, dated October 8, 1937, addressed to Milton J. Levine, No. 51572, Post Office Box 7, Leavenworth, Kansas, is as follows: "Replying to your recent letter of October 4th, regarding the sentence which I imposed upon you, and your desire to have the sentence changed, also your desire to appeal from the order of the Court allowing you now to change your plea to not guilty, I advise that I have taken the time to go over the files in your case, and find that on August 9, 1937, you plead not guilty to the indictment upon arraignment, and on the same day you again came into court and asked to be allowed to withdraw your plea of not guilty and to enter a plea of guilty. And the court at this time asked you if you were pleading guilty to the indictment because

you were guilty, and you advise that that was true; after you were sentenced for a period of fifteen years, and being dissatisfied with such sentence, you asked to be allowed to withdraw your plea of guilty, after such sentence was imposed, and enter a plea of not guilty, and be allowed to go to trial. Under the rules a plea of guilty cannot be withdrawn after sentence has been imposed. You complained considerably about the severity of your punishment, and I find upon consulting your record that the day you committed the crime charged in the indictment and stole letters from apartment houses in Detroit, you had only a few days before been released from Leavenworth prison after serving a sentence of ten years for the same offense. You further admitted to the Postal Officers that you stole the letters from the apartment buildings as charged in the indictment, thereby admitting your guilt. I again find upon reviewing your criminal record, that you have served long periods of time in prisons, involving offenses of forgery, robbing mail boxes, using mail to procure fraud, and in 1931 you were sentenced to the Federal penitentiary at Leavenworth from St. Louis, Mo. for stealing mail, and receiving a sentence of ten years, and your trouble in Detroit, in stealing mail from apartment houses, followed very shortly after your release from Leavenworth. This strongly indicated to the Court that you made your living by stealing letters from mail boxes and from apartment buildings, and you have not over a long period of years exhibited the first disposition to reform. Therefore, under all the circumstances I am unable to grant you any relief."

The affidavit by Thomas P. Thornton, Assistant United States Attorney for the Eastern District of Michigan, admitted without objection, states:

" * * * that on the 9th day of August, A. D. 1937, he was present in the court room of the Honorable Edward J. Moinet, one of the District Judges for the Eastern District of Michigan, and that on the aforesaid date, he, the said deponent, was present when the above named petitioner was arraigned on an indictment charging a violation of the postal laws; that at the time of the aforesaid arraignment the said petitioner entered a plea of not guilty, at the conclusion of which he was remanded to the custody of the United States Marshal, who returned him to the Marshal's detention cell to await transfer to the United States Detention Farm at Milan, Michigan.

"That at the noon recess of Court your deponent was informed by the postoffice inspector, R. B. MacLachlan, that Levine was desirous of withdrawing his plea of not guilty and entering a plea of guilty and that, upon receipt of this information, your deponent instructed the United States Marshal to return Levine to the court room * * * at 2 P. M. on the same day.

"That at 2 P. M. on August 9, 1937, this deponent apprised the Court of the matter to be presented to the Court in the following language:

" 'If the court please, I understand that this defendant wishes to withdraw a plea of not guilty and enter a plea of guilty.'

"The court then interrogated the defendant as to whether or not he was pleading guilty because he was guilty and, upon being informed by the defendant that he was pleading guilty because he was guilty, the Court then sentenced him to a term of fifteen years."

The order entered by the District Court of Kansas, from which this appeal is prosecuted, recites:

"The petitioner being represented by Henry Dangerfield, his attorney, and the respondent being represented by Homer Davis, Assistant United States Attorney for the District of Kansas.

"The petitioner offered in evidence his exhibits as follows:

"Exhibit 'A'—Photostatic copy of an indictment numbered 24352, filed July 30, 1937, in the United States District Court for the Eastern District of Michigan, Southern Division.

"Photostatic copy of plea and sentence in case No. 24352.

"Photostatic copy of commitment, together with return of the Marshal on the reverse side thereof, in said case No. 24352.

"Exhibit 'B'—Photostatic copy of an order dated August 20, 1937, denying motion of petitioner herein to change plea.

"All said exhibits were received in evidence without objection.

"The respondent offered in evidence his exhibits as follows:

"Exhibit '1'—Photostatic copy of letter dated October 8, 1937, directed to the petitioner herein by the Honorable Edward J. Moinet, Judge of the United States District Court for the Eastern District of Michigan.

"Exhibit '2'—Affidavit of Thomas P. Thornton, Assistant United States Attorney for the Eastern District of Michigan.

"All said exhibits were received in evidence without objection.

"The court, having fully heard and considered the evidence and having been fully advised by counsel and having heard arguments of counsel herein, finds that the application for petition for writ of habeas corpus herein should be denied."

Later, appellant filed in the United States District Court of Kansas a petition for rehearing, addressed to the judge of said court, praying said court to grant him a rehearing, and that subpoenas ad testificandum issue out of said court for witnesses named for the following reasons (1) to give testimony as to the time petitioner's plea of not guilty was entered, and as to petitioner's request to the court for counsel which was denied; (2) to give testimony as to petitioner's allegations relative to the plea of "guilty", and that said plea of "guilty" was not the plea of the petitioner; (3) to give testimony showing failure and omission to set forth the petitioner's plea of "not guilty" in open court in full as a part of the record in this court; (4) to give testimony showing the petitioner's status of being denied counsel, or ascertain if the petitioner had counsel and the failure of the court to provide counsel and the failure of the court to address petitioner, except to admonish and sentence him, and witnesses will testify as to this petitioner's request for counsel which was ignored and denied.

Said list of witnesses was set out as follows: (1) Clerk of the United States District Court for the Eastern District of Michigan, Southern Division; (2) Sam O'Connell, Deputy United States Marshal, Eastern District of Michigan; Scottie Montiete, Deputy United States Marshal, Eastern District of Michigan; Richard La Belle,. Deputy United States Marshal, Eastern District of Michigan; (3) Thomas P. Thornton, Assistant United States District Attorney, Eastern District of Michigan; (4) Mr. McLaughlin, Post Office Inspector, Eastern District of Michigan; and (5) Milton J. Levine, P. M. B. 51572, Leavenworth, Kansas; John Joseph Phillips, P. M. B. 51573, Leavenworth, Kansas; Herman Schnieder, P. M. B. 51574, Leavenworth, Kansas; Edward Porter Puckett, Reformatory, Chillicotte, Ohio; Donald Paige, P. M. B. 51577, Leavenworth, Kansas.

Appellant further alleged in said petition for rehearing that on August 9, 1937, in the United States District Court for the Eastern District of Michigan, Southern Division, between the hours of 10 A. M. and 12 M. on said date, he was arraigned before the said District Court and entered a plea of "not guilty," and that:

"Notwithstanding, said plea of 'not guilty' was received in open court, the same was not incorporated and presented to this court, so as to make it appear that this petitioner had never appeared before the United States District Court for the Eastern District of Michigan, Southern Division, for arraignment and plea on the morning of said August 9th, 1937.

"Petitioner further alleges that he was deprived of his right to be informed of the nature and cause of the accusation and to the assistance of .counsel, and at no time since his arrest or during his incarceration and before sentence was the indictment read in his presence or was he shown a copy of said indictment so that he knew the true nature and cause of the accusation contained therein by the United States District Court for the Eastern District of Michigan, Southern Division, or, by the Clerk of said District Court, or, the Attorney, or, Assistant United States Attorney, or, any Official of the United States District Court for the Eastern District of Michigan, Southern Division.

"Petitioner further alleges that he was arrested on the 28th day of July, 1937, arraigned before the United States Commissioner July 29, 1937—indicted July 30, 1937,—arraigned and entered a plea of 'not guilty' between the hours of 10 A. M. and 12 M. August 9th, 1937,—before the Honorable Edward J. Moinet, District Judge. And during all of said period the petitioner was unable to employ counsel, together with the court's failure to appoint counsel, or, ascertain petitioner's intent and desire concerning counsel after he entered his plea of not guilty.

"Petitioner further alleges that upon the same day August 9, 1937, about 12 M. the Post Office Inspector, Mr. McLaughlin, informed petitioner that he was directed by the Assistant United States Attorney, to have petitioner change his plea of 'Not Guilty', to one of 'Guilty', with the promises and assurances of what the United States Attorney would do for petitioner. When petitioner refused the Post Office Inspector, Mr. McLaughlin, threatened, coerced and intimidated petitioner for two consecutive

hours from about 12 M. to 2 P. M. depriving petitioner of his food and by taking advantage of petitioner's helplessness. The said Post Office Inspector proceeded to act for petitioner, without his consent, creating a situation that made the petitioner helpless and unable to competently or intelligently defend himself or cope with the situation without the assistance of counsel.

"Petitioner further alleges that upon the same day, the 9th day of August, 1937, between the hours of 2 P. M. and 3 P. M., petitioner was again brought before the United States District Court for the Eastern District of Michigan, Southern Division, and the Assistant United States Attorney said to the Court: 'Your Honor, the defendant is now ready to plead guilty'. Petitioner protested by saying, 'No, your Honor, may I say something?' and the court replied, 'O, *your* the fellow trying to jockey the court!' admonishing him without cause or provocation, and without giving petitioner the right to be heard, and denying the petitioner the privilege to express himself, which then and there the court proceeded to a final judgment and sentence.

"Petitioner further alleges upon discovering the fraud practiced upon him by the Post Office Inspector, Mr. McLaughlin, in conjunction with the Assistant United States Attorney, the petitioner upon his return from court, after sentence requested to see the Post Office Inspector, and the Assistant United States Attorney, but said request was denied. Immediately upon petitioner's return to the United States Detention Farm at Milan, Michigan, the petitioner wrote the United States Attorney requesting that the plea of 'guilty', be withdrawn and held for naught, as it was not by intention or desire to plead 'guilty'. The said Assistant United States Attorney presented the above motion that the plea of 'guilty' be withdrawn as petitioner requested. But said motion was denied by the United States District Court for the Eastern District of Michigan, Southern Division.

"Wherefore, petitioner having fully set forth herein the facts and in order to further sustain the burden of proof, pray that subpoenas ad testificandum issue out of said United States District Court for the District of Kansas, First Division, for the said witnesses herein set forth, and on a date set by said District Court give their testimony as to said facts, and the Court having fully heard dispose of petitioner, as law and justice require, and your petitioner will ever pray."

Said petition for rehearing was signed and sworn to by appellant on August 6, 1937, and filed in the District Court for the District of Kansas on August 11, 1938, and on August 16, 1938, the judge of said court entered the following order:

" * * * the above matter comes on for hearing before the court, the petitioner being represented by Henry Dangerfield, his attorney, and the respondent by Homer Davis, Assistant United States Attorney.

"The Court, having been fully advised in the premises and having heard the arguments of counsel herein, finds that the motion for rehearing should be denied."

The form of the order is approved by Henry Dangerfield, Attorney for petitioner, and by Homer Davis, Assistant United States Attorney, Attorney for respondent, and is marked filed August 16, 1938.

On that day, the petitioner in said cause gave notice of his appeal from said final order and judgment to the United States Circuit Court of Appeals for the Tenth Circuit, which appeal was allowed by the judge of said court, and has been duly prosecuted.

A member of the bar of this court was appointed by the court to represent appellant. The Assistant United States Attorney appeared for the respondent. On the hearing it appears that the appellant was not present in person at the hearing, it having been agreed by the attorneys that the case might be heard without his being present, he being represented by an attorney.

Under appellant's contention that he has not had due process of law in that he was neither represented nor advised in the trial court in the Eastern District of Michigan by an attorney when he had sought an appointment of an attorney for such purpose by the court, and received a sentence of 15 years, the conclusion is reached that under the allegations in the record and contention about counsel, which is not expressly negatived, this case should be remanded for further hearing in the United States District Court for the District of Kansas, where evidence under the contention as made by the appellant and respondent may be introduced by deposition or otherwise. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

Reversed and cause remanded for further hearing.