**LEVINE v. HUDSPETH, Warden, United States Penitentiary, Leavenworth, Kansas.**

**No. 2471.**

Circuit Court of Appeals, Tenth Circuit.

May 1, 1942.

Rehearing Denied May 22, 1942.

Howard K. Berry, of Oklahoma City, Okl., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus.

On July 30, 1937, petitioner was indicted in the District Court of the United States, Eastern District of Michigan. The indictment contained five counts, charging violations of Section 194 of the Criminal

Code, 18 U.S.C.A. § 317 (stealing, secreting, or embezzling mail matter). On August 9, 1939, the petitioner appeared in person, without counsel, and entered his plea of guilty to each count in the indictment. The court committed the petitioner to the custody of the Attorney General for a total period of fifteen years, without apportioning the gross sentence to the respective counts in the indictment, or providing for the sequence of their service. The petitioner commenced the service of his sentence on August 26, 1937.

On July 29, 1938, petitioner filed a writ of habeas corpus in the District Court of Kansas, seeking release on the ground that he had been denied the assistance of counsel, as guaranteed by the 6th Amendment to the Constitution. On appeal to this court from an order denying the writ, the case was reversed and remanded with directions to hear testimony tendered by the petitioner touching the allegations in the petition for the writ. See Levine v. Hudspeth, 10 Cir, 102 F.2d 691. After hearing on remand, the District Court found the petitioner had been denied the assistance of counsel at the time of his plea and sentence by the District Court for the Eastern District of Michigan. The court ordered the petitioner discharged on the writ and removed to the jurisdiction of the sentencing court, there to answer the charges against him.

After the petitioner's release and return to the Eastern District of Michigan, and on December 29, 1939, he appeared in person and by counsel; was arraigned in the same court and on the same indictment on which he had theretofore been sentenced. The petitioner waived the reading of the indictment, but refused to plead, whereupon by order of the court a plea of not guilty was entered in his behalf.

Thereafter, on February 16, 1940, at the request of petitioner, the court appointed John Begall and Benjamin C. Stanczyk as attorneys for the petitioner. Begall later withdrew from the case, but Stanczyk continued to represent the petitioner throughout the litigation. Stanczyk filed a motion to quash the indictment, which was duly heard, and denied by the trial court.

On April 24, 1940, petitioner was tried by a jury; found guilty on each of the five counts in the indictment, and on April 29, 1940, sentenced to a total of fifteen years in gross, less the time served on the

sentence theretofore imposed on August 9, 1937.

Thereafter, on May 6, 1940, the petitioner again appeared in court. The sentence of April 29, 1940, was set aside, vacated by the court, and the petitioner was resentenced for a term of twelve years and three months. The sentence was imposed in gross without apportionment to the respective counts in the indictment and without provision for their sequence of service.

The trial court in Michigan denied the petitioner's application to appeal in forma pauperis on the ground that the appeal was without merit. The Circuit Court of Appeals denied a writ of mandamus designed to compel the allowance of an appeal in forma pauperis, apparently on the grounds that the writ of mandamus was not a proper remedy in the premises and that the trial court did not abuse its discretion.

On appeal here, the petitioner now contends in effect: (1) That a general sentence, or a sentence in gross, on several counts in an indictment without apportionment to the respective counts, or provision for the sequence of their service, is a nullity because it is lacking in sufficient clarity to denote the intention of the court to impose a sentence in excess of the maximum authorized for any one count in the indictment. Having served the maximum authorized by any one count in the indictment, less the statutory allowance for good behavior, he is entitled to his discharge. (2) The trial court was not authorized to order the petitioner removed to the jurisdiction of the sentencing court after discharge on a writ of habeas corpus. (3) Having been placed in jeopardy by his plea of guilty, his subsequent trial on the same indictment after discharge on habeas corpus constitutes double jeopardy. (4) Denial of a fair, impartial and speedy trial; the right to the assistance of counsel, and (5) Denial of the right to appeal from the conviction in the Michigan court.

■ It is a well settled and salutary rule that to support an accumulative or consecutive sentence on more than one count in an indictment, or on more than one indictment, the language used to express the intention of the court must be clear and explicit. In the absence of clear and unambiguous language denoting the intention of the court to impose an accumulative

sentence on more than one count in the indictment or on more than one indictment, at the same time, or at different times, it will be presumed that the sentences thus imposed will run concurrently with each other. Subas v. Hudspeth, 10 Cir., 122 F.2d 85, and cases cited therein.

■ While not recognized as the better practice, it is equally well settled that a court may impose one sentence on a plea of guilty, or conviction, on two or more offenses charged in the same indictment without apportioning the sentence to the respective counts in the indictment, or providing for the sequence of their service, provided the gross sentence imposed is not in excess of the maximum allowed by law for all the offenses of which the defendant is guilty. Ex parte Henry, 123 U.S. 372, 8 S.Ct. 142, 31 L.Ed. 174; Ex parte De Bara, 179 U.S. 316, 21 S.Ct. 110, 45 L.Ed. 207; Myers v. Morgan, 8 Cir., 224 F. 413; Hyde v. United States, 8 Cir., 198 F. 610; Brinkman v. Morgan, 8 Cir., 253 F. 553; Neely v. United States, 4 Cir., 2 F.2d 849; Feigin v. United States, 9 Cir., 3 F.2d 866; Rice v. United States, 9 Cir., 7 F.2d 319; Adams v. White, 8 Cir., 31 F.2d 982; Flynn v. United States, 8 Cir., 57 F.2d 1044; Jones v. Hill, 3 Cir., 71 F.2d 932, and McKee v. Johnston, 9 Cir., 109 F.2d 273. The rule has been followed by this court in Warden v. De Londi, 10 Cir., 62 F.2d 981; Ross v. Hudspeth, 10 Cir., 108 F.2d 628, and Jackson v. Hudspeth, 10 Cir., 111 F.2d 128.

■ Here the petitioner was convicted on five counts of an indictment charging a violation of 18 U.S.C.A. § 317. The maximum penalty on each count of the indictment is five years. The court was therefore authorized to impose a maximum sentence of twenty-five years. The gross sentence imposed here (fifteen years) is far less than the maximum sentence within the jurisdiction of the court to impose and the petitioner cannot complain.

■ The question of illegal removal to the Michigan court after discharge on habeas corpus by the Kansas trial court has been answered by this court in the recent case of McCleary v. Hudspeth, 10 Cir., 124 F.2d 445, and the cases cited therein. 28 U.S.C.A. § 461 provides that in a proceedings in habeas corpus "The court, * * * shall proceed in a summary way to determine the facts of the case, by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require." The fatal defect in the proceedings before the Michigan trial court lies not in the offenses as charged or in the indictment as returned, but in the power of the sentencing court to impose a valid sentence, because it lost jurisdiction when the petitioner was deprived of his constitutional right to the assistance of counsel. After discharge by the Kansas trial court, based upon the deprivation of his constitutional rights, the original indictment stood as a valid charge against the petitioner to which he is amenable according to the processes of law; protected by all constitutional safeguards. There can be no valid objection, cognizable here, to the removal of the petitioner to the jurisdiction of the sentencing court for further proceedings in accordance with the orderly processes of justice.

■ The original judgment and sentence of the Michigan court was invalid and a nullity. It, therefore, did not constitute jeopardy and the petitioner's subsequent trial and conviction on the same indictment by the same court does not constitute double jeopardy. McCleary v. Hudspeth, supra, and cases cited therein. See, also, 22 C.J.S., Criminal Law, § 267, at page 402.

■ The record shows that upon the return of petitioner to the jurisdiction of the Michigan court he appeared in that court, represented by counsel, apparently of his own choice. Thereafter, on his application, the court appointed counsel who represented petitioner throughout the proceedings. There is nothing in the record to indicate the petitioner was denied a fair, impartial, and speedy trial.

■ Finally, petitioner complains that he is entitled to a discharge on habeas corpus because he was denied the right to perfect an appeal from the judgment of the sentencing court. "An appeal, or a defect in perfecting or prosecuting an appeal, is not a necessary element of due process which lays the basis for discharge on habeas corpus." Casebeer v. Hudspeth, 10 Cir., 114 F.2d 789, 790. See, also, Moore v. Aderhold, 10 Cir., 108 F.2d 729.

The judgment of the trial court is affirmed.