## UNITED STATES *v.* PATTERSON, Keeper, etc.

*(Circuit Court, D. New Jersey.* January 31, 1887.)

1. CRIMINAL LAW — SENTENCE — THREE TERMS — "RUNNING CONCURRENTLY" — REV. ST. U. S. § 5209.

   Upon a plea of guilty to three indictments found under section 5209, Rev. St. U. S.,—one for the misapplication of funds of a national bank by the accused while cashier thereof, one for false entries to conceal such misapplication, and the third for making a false statement with intent to deceive the examining officers.—the district court pronounced sentence upon the accused as follows: "That the prisoner be confined at hard labor in the state's prison of the state of New Jersey for the term of five years upon each of the three indictments above named, *said terms not to run concurrently,* and from and after the expiration of said terms until the costs of this prosecution shall have been paid." *Held,* that the words, "said terms not to run concurrently," are uncertain and incapable of application, and therefore void; and that the sentences commenced at once, and ran concurrently.

2. SAME — JURISDICTION OF UNITED STATES DISTRICT AND CIRCUIT COURTS — APPEAL — HABEAS CORPUS — JUDGMENT.

   The judgment of the district and circuit courts of the United States in criminal cases is final, and cannot be reviewed by writ of error; but if a judgment, or any part thereof, is void, either because the court that renders it is not competent to do so for want of jurisdiction, or because it is rendered under a law clearly unconstitutional, or because it is senseless, and without meaning, and cannot be corrected, or for any other cause, the party imprisoned by virtue of such judgment may be discharged on *habeas corpus.*

3. HABEAS CORPUS — STATUS WHEN WRIT ALLOWED — WHEN DECISION MADE — EXPIRATION OF SENTENCE — DISCHARGE OF PRISONER.

   On a *habeas corpus* the decision should be made upon the actual *status* of the case at the time of the decision, and not according to the state of things when the writ was allowed. When, at the time the writ of *habeas corpus* for the discharge of a prisoner, under three sentences of five years each running concurrently, was allowed, the first term of five years had not expired by lapse, although at least one of the sentences had been satisfied by means of remissions for good conduct. *Held* that, the five years having entirely elapsed since the allowance of the writ, the question of the applicability of the remission for good conduct to all the sentences may be waived, and the prisoner discharged.

On *Habeas Corpus* for the body of Oscar L. Baldwin. The petition for *habeas corpus* in this case was presented to JOSEPH P. BRADLEY, an associate justice of the supreme court of the United States, allotted to the Third circuit, on the thirtieth of December, 1886, and alleges that the petitioner, Oscar L. Baldwin, is imprisoned in the state's prison of the state of New Jersey, in custody of John H. Patterson, the keeper thereof, under judgment, sentence, and commitment thereon of the district court of the United States for the district of New Jersey, said judgment being rendered on the thirty-first day of January, 1882, upon petitioner's plea of guilty to three indictments found against him under section 5209 of the Revised Statutes of the United States,—one for misapplying the funds of the Mechanics' National Bank of Newark, of which he was cashier, one for false entries to conceal such misapplication, and the third for making a false statement with intent to deceive the examining officers; that, being set at the bar of said district court for sentence, the same was pronounced against him in the following words, as recorded in the records of said court, to-wit:

"The court do order and adjudge that the prisoner, Oscar L. Baldwin, be confined at hard labor in the state's prison of the state of New Jersey, for the term of five (5) years upon each of the three indictments above named, said terms not to run concurrently; and from and after the expiration of said terms until the costs of this prosecution shall have been paid."

—That, immediately upon the rendition of said judgment and sentence, · the petitioner was committed to the custody of the keeper of said state's prison, and that from thence hitherto he has been and is now kept in said state's prison, at hard labor, according to all the rules and regulations of said prison, the same established and carried on in the case of all persons convicted under the laws of New Jersey, and sentenced to hard labor by its courts; that by the laws of said state the keeper of the state's prison is required to have kept a correct, impartial, daily record of the conduct of each prisoner, and of his labor, whether satisfactory or otherwise, and to lay the same before the inspectors as often as they may require; that the said inspectors, being satisfied that the record is properly kept, shall direct the keeper, for every month of faithful performance of assigned labor by any convict, to remit to him two days of the term for which he was sentenced; for every month of continuous orderly deportment, two days; and for every month of manifest effort at intellectual improvement and self-control, to be certified by the moral instructors, one day; provided, that in any month in which a convict shall have merited and received punishment no such remission shall be made, and, in case of any flagrant misconduct, the inspectors may declare a forfeiture of the time previously remitted, either in whole or in part, as to them shall seem just; that, on the recommendation of the keeper and moral instructor, it shall be lawful for the inspectors to remit an additional day per month to every convict who for 12 months preceding shall have merited the same by his continuous good conduct, and for each succeeding year, progressively, to increase the remission one day per month for that year.

The petitioner states that, by virtue of the 5544th section of the Revised Statutes of the United States, he is entitled to the benefit of these regulations; and that by reason of his good behavior he became entitled to and has been awarded such credits; and that by force thereof such deductions have been made from the said term of five years, for which he was sentenced, that said term expired and came to an end on the twenty-fifth day of January, 1886, a remission of 372 days having been allowed to him; also that the costs of prosecution of said indictments have been fully paid. The petitioner further states that he is advised by his counsel that he is not now detained in custody in said state's prison by virtue of any sentence; that a second term of five years' imprisonment has not begun, and will not begin, till the thirty-first day of January, 1887; and that he is therefore unlawfully detained in prison. He also, upon the same advice, contends that the judgment was unlawful, because it sentenced him to imprisonment at hard labor, whereas section 5209 of the Revised Statutes of the United States, under which he was indicted, imposed the punishment of imprisonment only. Also that no more than one sentence

of five years' imprisonment could lawfully be imposed upon him under the said section, inasmuch as said offenses were each acts forming part of one act of misapplication of moneys. Also that the said sentence is unlawful for uncertainty, except as to the first term of five years' imprisonment, which has expired, and that the court had no lawful right or authority to impose any more than one term of five years' imprisonment on him. A duly-exemplified copy of the three indictments, and the proceedings thereon, and of the sentence pronounced against the petitioner, and of the award of remission of penalty by the inspectors of the state's prison, as stated in the petition, was annexed thereto, confirming the statement of facts set forth therein.

Upon this petition being presented to the said justice of the supreme court he allowed a writ of *habeas corpus* as prayed, and on the seventh day of January, 1887, the same was duly returned before the said justice, at his chambers, in the city of Washington. The return set forth as the cause of imprisonment the warrant of commitment by virtue of which the petitioner was detained in custody, and which consists of a statement of the three indictments, by their several titles, with a copy of the sentence as set out in the petition, duly certified by the clerk of the said district court. The return further states that it appears by the receipt of said clerk, under his seal, that the costs of the prosecution have been paid; also that, upon the books of the prison, the petitioner appears entitled to a remission from the first of the three terms of imprisonment of 372 days, whereby the period of his punishment under the same expired on the twenty-fifth day of January, 1886.

Annexed to the return is a writing signed by the petitioner and his counsel, waiving all right to the production of his body according to the command of the writ, before the judge issuing the same, and requesting the said judge to proceed to inquire into the cause of his detention, and give judgment thereon without such production. And a supplemental return of the keeper was presented, containing a copy of said waiver and consent, and certifying that in consequence thereof he refrains from producing the said body, but avows his readiness, and submits, to produce the same to answer any order which may be made by said judge.

*Cortlandt Parker,* for petitioner.

*Job H. Lippincott,* U. S. Dist. Atty., *contra.*

BRADLEY, Justice. I have duly considered the matter aforesaid, and will proceed to state the conclusion to which I have come, and the reasons thereof. It is manifest that the judgment or sentence in this case is uncertain in this respect: it imposes the penalty of imprisonment at hard labor in the state's prison for the term of five years upon each indictment, and adds that the said terms shall not run concurrently, but does not specify upon which indictment either of said terms of imprisonment is to be undergone. If the prisoner is to be detained in prison for three successive terms, neither he, nor the keeper of the prison, nor any other person, knows, or can possibly know, under which

indictment he has passed his first term, or under which he will have to pass the second or the third. If, for any reason peculiar to either of said indictments, as, for example, some newly-discovered evidence, should be a different face put upon the case, so as to induce the executive to grant the prisoner a pardon of the sentence on that indictment, no person could affirm which of the three terms of imprisonment was condoned. If a formal record of any one of the indictments, and the judgment rendered thereon, were, for any reason, required to be made out and exemplified, no clerk or person skilled in the law could extend the proper judgment upon such record. He could not tell whether it was the sentence for the first, the second, or the last term of imprisonment. Without the last words of the sentence, declaring that the terms of imprisonment should not run concurrently, it would be sufficiently clear and certain. It would then, by force of law, be a sentence of five years' imprisonment on each indictment, and each sentence would begin to run at once, and they would all run concurrently. Such a sentence is lawful and proper. But the addition that they were not to run concurrently, without specifying the order in which they were to run, is uncertain, and incapable of application. It seems to me that the additional words must be regarded as void.

The words used are undoubtedly equivalent to the words, "the said terms shall follow each other successively." But, if these words had been used, the case would not have been different. The inherent vice of being insensible and incapable of application to the respective terms, without specifying the order of their succession, would still exist. The joint sentence is equivalent to three sentences, one on each indictment. One of them is applicable to the indictment for misapplication of funds; but, if they are successive, which one? That which is first to be executed, or that which is secondly or thirdly to be executed? No intelligence is sufficient to answer the question. A prisoner is entitled to know under what sentence he is imprisoned. The vague words in question furnish no means of knowing. They must be regarded as without effect, and as insufficient to alter the legal rule that each sentence is to commence at once, unless otherwise specially ordered.

If this were a mere error, it could not be considered on *habeas corpus*. The judgments of the district and circuit courts in criminal cases are final, and cannot be reviewed by writ of error, and a mere error of law, if in fact committed, is irremediable; as much so as are the decisions of the supreme court. But if a judgment or any part thereof is void, either because the court that renders it is not competent to do so for want of jurisdiction, or because it is rendered under a law clearly unconstitutional, or because it is senseless, and without meaning, and cannot be corrected, or for any other cause, then a party imprisoned by virtue of such void judgment may be discharged on *habeas corpus*.

I do not say that the judgment in this case is void. It is a good judgment for the term of five years' imprisonment on each indictment. Perhaps these terms might have been lawfully made to take effect successively, if the order of their succession had been specified, although

there is no United States statute authorizing it to be done. But this was not done. No distinction was made between them in this respect, and, as neither of them was made to take effect after the one or the others, they all took effect alike; that is, from the time of the rendering of judgment. The additional words as to non-concurrence are void, because they are incapable of application. It is as if a man should be sentenced to successive terms of imprisonment on each of several indictments, and to hard labor, or to be kept on bread and water, during one of the terms, without specifying which. The latter part of such a sentence would clearly be void, for it could not be allowed to the jailer to exercise his discretion as to the application of the aggravated penalties.

If there were any way in which the district court could amend its judgment, the case might perhaps be different. But I see no way in which it could do so without passing a new sentence, and that it could not do now, after the term has passed, and after one term of imprisonment has been suffered. What right would the court have now to determine that the expired term was due to any particular indictment more than to either of the others?

I have carefully read the able opinion of the supreme court of New Jersey in the case of *Gibbs* v. *State*, 45 N. J. Law, 379, and agree to all that the court there says as to the right of a criminal court to extend its judgment and proceedings on the record in proper form, regardless of imperfections in the minutes of its clerk. But in the present case there are no materials in existence for altering the form of the judgment under consideration,—at least nothing but what may rest in the bosom of the judge; and for him to resort to his memory at this day to alter the judgment would be to render a new judgment. It is unnecessary to say that the honorable judge of the district court would not adopt a proceeding so questionable and hazardous. The district attorney has supplied me with a certified copy, *literatim*, with all the erasures and interlineations of the rough minutes; but they exhibit nothing upon which the court could base any substantial alteration in the judgment as recorded.

In this view of the case, it is unnecessary to consider the other questions raised by the petition, and by the prisoner's counsel on the argument. But it does suggest another question which cannot be entirely overlooked. When the *habeas corpus* was allowed, the first term of five years had not expired by lapse of time, although at least one of the sentences had been satisfied by means of the remissions allowed for good conduct. Considering the three terms of imprisonment as by law running concurrently, do those remissions apply to all three of the sentences, or to only one of them? If to only one, and I had to decide this case, as in ordinary civil actions, according to the state of things when the writ was issued, I might be obliged to remand the petitioner into custody, and put him to the expense and trouble of another writ. But I think that on a *habeas corpus*, where the personal liberty of the citizen is involved, the decision should be made upon the actual *status* of the case. And as the five years have now entirely elapsed, and all the con-

curring terms have been fulfilled, the question of the applicability of the remission for good conduct to all the sentences may be waived, and the prisoner be lawfully discharged, without deciding it. He is discharged accordingly.