# UNITED STATES v. REMUS.

(Circuit Court of Appeals, Sixth Circuit. April 8, 1926.)

No. 4484.

**1. Criminal law ☞1216(2).**

Federal courts have full power to impose cumulative sentences, or to require two or more sentences to be served separately.

**2. Criminal law ☞1216(2)—Concurrent service of sentences cannot be inferred from absence of specific directions to contrary, if there are separate judgment entries and it is beyond power of court to require concurrent service.**

Concurrent service of sentences is not to be inferred from absence of specific directions to the contrary, if there are separate judgment entries and it is beyond power of court to require concurrent service.

**3. Criminal law ☞1216(2)—Sentence to federal penitentiary for conspiracy to violate National Prohibition Act and sentence to jail for violation of such act, imposed by separate judgments, held required to be served consecutively (National Prohibition Act, and title 2 thereof [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]).**

Where defendant was convicted for conspiracy to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and sentenced to federal penitentiary for two years, and a few days later was convicted of violating title 2 of such act, a misdemeanor, and sentenced by same judge to imprisonment in county jail for one year, held, that sentences ran consecutively, notwithstanding absence of specific direction to that effect.

Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio; Smith Hickenlooper, Judge.

Petition for habeas corpus by George Remus against the United States. From a judgment granting the writ, United States appeals. Reversed.

Certiorari denied 46 S. Ct. 640, 70 L. Ed. ——.

Simon Ross, of Cincinnati, Ohio (Haveth E. Mau, U. S. Atty., and A. Lee Beaty, Asst. U. S. Atty., both of Cincinnati, Ohio, on the brief), for the United States.

Leonard Garver, Jr., of Cincinnati, Ohio (Lorbach & Garver, of Cincinnati, Ohio, on the brief), for appellee.

Before DENISON, DONAHUE, · and MOORMAN, Circuit Judges.

MOORMAN, Circuit Judge. Appellee was convicted in the United States District Court for the Southern District of Ohio of conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and was sentenced May 16, 1922, to confinement in the penitentiary at Atlanta, Ga., for a period of two years. Thereafter, on May 20, 1922, he was charged with violating title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½ et seq.), and after trial and conviction was sentenced on May 24th to imprisonment in the jail of Montgomery county, Ohio, for one year. Writs of error were prosecuted from both convictions and the judgments affirmed. United States v. Remus (C. C. A.) 291 F. 501 and 513. In January of 1924 he was committed to the penitentiary, but was released therefrom September 2, 1920, after serving the longer sentence. On March 11, 1925, a mittimus was issued on the sentence imposed under the conviction of May 24th, pursuant to which he was taken in custody by the marshal shortly after September 2d. On September 8th he filed this petition for a writ of habeas corpus, alleging that he had served in full the longer of the two sentences, and in so doing had served concurrently therewith the shorter sentence for the misdemeanor. Upon hearing the writ was granted, to reverse which this appeal is prosecuted.

[1, 2] The federal courts have full power to impose cumulative sentences, or to require two or more sentences to be served separately. Howard v. United States (6 C. C. A.) 75 F. 986, 21 C. C. A. 586, 34 L. R. A. 509. It has been held, however, that if in a single judgment entry a defendant is given more than one sentence in the same penitentiary for different offenses, set out in separate indictments tried together, and there is no direction as to the order of service, the sentences are to be regarded as running concurrently. United States v. Patterson (C. C.) 29 F. 775. The obvious reason for this is that in such case it does not appear whether the sentences are to be served concurrently or consecutively, and, if consecutively, which one the prisoner is serving after his incarceration, thus giving cause for doubt, which must be resolved in favor of the defendant. But it does not follow that, to eliminate all doubt or misapprehension or to effect separate service, it is necessary in every case that the judgment state that the sentences shall be cumulative and direct the order of service, for concurrent service is not to be inferred from the absence of specific directions to the contrary, if there are separate judgment entries and it is beyond the power of the court to require concurrent service. In that kind of case there can be no misapprehension; the intent is as clear as if ex-

pressed in terms. It is the intent appearing in the judgment entry that controls. This, we think, is the meaning of United States v. Daugherty, 46 S. Ct. 156, 70 L. Ed. ——, where it was held that "the reasonable and natural implication from the whole entry" was that the sentences were cumulative, although it was pointed out that "sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them."

[3] In this case the same judge imposed the two sentences. The second made no reference to the first. It is not to be supposed, however, from that circumstance, that he intended it to be served concurrently with the first, but rather, knowing that it could not be served in the penitentiary, that he intended that each should be served at the place designated and did not consider it necessary to say that the jail sentence should be served separately from the penitentiary sentence. United States v. Patterson is wholly inapplicable to the question here, since, in view of the difference in the two offenses, appellee could not have believed, while in the penitentiary, that he was also serving the sentence on the misdemeanor. In Zerbst v. Lyman, 255 F. 609, 166 C. C. A. 643, 5 A. L. R. 377, the penitentiary was designated as the place of incarceration on both sentences, and, there being no direction as to the order of service, it was held that the general rule hereinbefore referred to applied. In this case the difference in the sentences necessitated separate service—one was for a felony; the other, a misdemeanor. Neither was ordered to be served at the place designated in the judgment for the service of the other; the appellee could not have been sentenced to the penitentiary for the misdemeanor. From this hypothesis alone there is a clear intent of separate service.

Judgment reversed.