**WHITE, Warden, v. KWIATKOWSKI.**

No. 595.

Circuit Court of Appeals, Tenth Circuit

July 9, 1932.

S. M. Brewster, U. S. Atty., and L. E. Wyman, Asst. U. S. Atty., both of Topeka, Kan., for appellant.

Enos E. Hook, of Wichita, Kan., for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

This is an appeal from a discharge of appellee in a habeas corpus proceeding, effective on September 1, 1931. No dispute of facts is involved.

Appellee was convicted in the United States District Court for the Northern District of Illinois at Chicago, for mail theft and sentenced on January 22, 1926, to a term of three years in the Leavenworth Penitentiary. The sentence began four days later. On October 1, 1926, he was transferred to the Industrial Reformatory at Chillicothe, Ohio, and on January 25, 1927, paroled from that institution. While he was on parole, on October 28, 1927, he was again convicted for mail theft in the same court, and there sentenced to five years in the same penitentiary. That sentence began the next day, and expired on July 6, 1931. On January 31, 1928, his parole was revoked. He then had 731 days remaining to serve on his first sentence.

The District Court held appellee received credit for that remainder while serving the second sentence, and he was therefore entitled to a discharge. For the appellant, the contention is he was not entitled to that credit. But, if the sentences were concurrently served, the discharge was authorized.

By general rule, the sentences were concurrent, in the absence of a definite expression therein that they should be consecutive or cumulative. Kirkman v. McClaughry (C. C.) 152 F. 255, affirmed 160 F. 436 (8 C. C. A.); Zerbst v. Lyman (5 C. C. A.) 255 F. 609, 5 A. L. R. 377. Presumably, the court had knowledge of the first sentence when the second was pronounced. If so, the intention was that the defendant should undergo both concurrently. If that knowledge was wanting, the sentences had that effect by their terms.

The case is complicated by the transfer of appellee to the reformatory, and by the revocation of the parole from the first sentence. As long as the appellee was in custody, he was duly serving that sentence. The transfer did not change the fact of service.

The Attorney General had the authority to direct the transfer. Sections 831 and 835, title 18, c. 27, USCA. But he was not authorized to change the term of the sentence. When the term should expire, wherever served, the appellee was entitled to his release.

For violation of the parole the prisoner was not returnable to the reformatory, because of his second offense. Section 831, supra. He was subject to be retaken upon a warrant and returned to the penitentiary. Sections 717, 718, c. 22, same title. When he reached that institution under the second sentence, his interrupted imprisonment was resumed, and he began serving both sentences. To hold otherwise is to hold the Attorney General may by transfer to the reformatory change concurrent to consecutive sentences; but he had no such judicial power. On revocation of the parole, appellee was required to serve the remainder of his first sentence, without deduction of the time he was out on parole. Section 719, c. 22, same title.

Different parole boards were established for Chillicothe and Leavenworth. But it was unimportant. Appellee both obtained and lost his parole by action of the former. On May 13, 1930 a single Parole Board was created in lieu of all, with the same powers. Section 723a, title 18, USCA. The new Board had no power to return appellee to Chillicothe, and did not attempt to do so. The remainder of the first sentence was served at Leavenworth, and it was satisfied.

Appellant relies upon Anderson v. Corall, 263 U. S. 193, 44 S. Ct. 43, 68 L. Ed. 247, and other cases following that decision. The question there involved was the validity of a revocation of a parole. Corall paroled from a federal sentence was sentenced for a state offense, a warrant was issued for him as a parole violator, and his parole was later revoked, but he was not retaken and returned to prison until his state sentence was completed. It was held that during the parole period a legal imprisonment existed, which was interrupted by the second sentence giving him a status analogous to an escaped convict, and the parole board was authorized to revoke the parole and require service of the original sentence without credit for the parole period. In this case, appellee's status was dissimilar. He was never beyond the control of the warden at Leavenworth, but was in the prison there, which was the only one to which he could be returned, and while there he served both sentences.

Our conclusion is the final discharge ordered by the District Court was right, and it is accordingly affirmed.