## ADERHOLD, Warden, v. McCARTHY.
### No. 6866.

Circuit Court of Appeals, Fifth Circuit.
May 29, 1933.

Clint W. Hager, U. S. Atty., and Hal Lindsay, Asst. U. S. Atty., both of Atlanta, Ga., for appellant.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

In his response to a writ of habeas corpus, the Warden of the United States Penitentiary at Atlanta justifies his holding of George McCarthy by a commitment from the District Court of Vermont containing a certified copy of a sentence for smuggling liquor imposed May 16, 1929, under which McCarthy was to be imprisoned in that penitentiary for a year and a day. McCarthy claims that the sentence has been served. Before reaching the penitentiary he escaped, and the following month in New Hampshire repeated his offense and was there on September 29, 1929, sentenced to a term of two years in the penitentiary at Atlanta with a fine of $1,000 on one count, and on another to a term of four years with costs; "penitentiary sentences to run concurrently." He was thereupon confined in the penitentiary four years less good time allowance and afterwards was reincarcerated to serve the Vermont sentence.

Passing by for the moment the fact of escape, we think that had McCarthy after sentence in Vermont been removed to New Hampshire and there sentenced without any provision for one sentence to follow the other, each would have run from the date of entry into the penitentiary. Each was imposed by authority of the United States, and was to be executed in the Atlanta penitentiary. There being nothing to prevent, each would begin to run on his arrival there, and he would be entitled to discharge at the expiration of the longest term. Fortson v. Elbert County, 117 Ga. 149, 43 S. E. 492; United States v. Patterson (C. C.) 29 F. 775. The fact that the two sentences were imposed in different courts was held to alter the rule in Hightower v. Hollis, 121 Ga. 159, 48 S. E. 969, but this court held otherwise upon abundant authority in Zerbst v. Lyman (C. C. A.) 255 F. 609, 5 A. L. R. 377. McCarthy, therefore, in serving for four years has served all his sentences unless his escape puts another face on the matter. That act, of course, stopped the running of his first sentence until he was again taken into custody, but did not otherwise affect it. There was on recapture no need to resentence him, but only to put him in the penitentiary. Haggerty v. People, 53 N. Y. 476. While a commitment ought regularly to go with him, 18 USCA § 603, its absence does not render the imprisonment unlawful, for the sentence is the real authority for holding him. Ex parte Wilson, 114 U. S. 417, 5 S. Ct. 935, 29 L. Ed. 89; Howard v. United States (C. C. A.) 75 F. 986, 34 L. R. A. 509. When, therefore, McCarthy was incarcerated, he was in lawful custody under either sentence and therefore under both. It is argued that the New Hampshire court might have made its sentence cumulative had

it known that McCarthy was already under sentence. There is nothing to show it did not know it. The accused was indicted both times under his true name and identified as of Boston. The sentence of four years indicates that the court was dealing as with an old offender. The sentence itself in providing "penitentiary sentences to run concurrently" may have been intended to refer to the Vermont sentence. Serious uncertainty in criminal sentences must be resolved in favor of liberty.

Judgment affirmed.