## ZERBST, Warden, v. WALKER.
### No. 821.

Circuit Court of Appeals, Tenth Circuit.
Nov. 25, 1933.

S. M. Brewster, U. S. Atty., of Topeka, Kan. (L. E. Wyman, Asst. U. S. Atty., of Hutchinson, Kan., on the brief), for appellant.

Lee Bond, of Leavenworth, Kan., for appellee.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

LEWIS, Circuit Judge.

Appellee presented his petition to the District Judge wherein he complained he was illegally confined in the United States penitentiary at Leavenworth, Kansas, by the warden. He asked that writ of habeas corpus be granted commanding appellant to produce him, and that on hearing he be discharged. He alleged that on November 13, 1919, he was sentenced by the United States District Court for the District of Oregon to a term of five years imprisonment to be served in the penitentiary at McNeil Island, and that he was received there on the 18th of that month; that on January 28, 1920, while he was a trusty he escaped, and later being a fugitive he was arrested at St. Louis, Missouri, charged with violations of sections 163 and 169 of the Criminal Code; that on December 22, 1925, he plead guilty to those charges in the United States District Court for the Eastern District of Missouri, and was sentenced by that court to serve eight years in the penitentiary on each charge in the eight counts of an indictment, sentences being made to run concurrently; that on January 19, 1926, he was committed to the penitentiary at Leavenworth and began serving said sentences.

It appears from the warden's return and exhibits attached that appellee served only 71 days of his sentence at McNeil Island. When he escaped on January 28, 1920, there remained 1754 days of his five year sentence. On March 2, 1926, about two months and a half after appellee was committed to the warden at Leavenworth to serve the sentences imposed by the court in Missouri, the warden was notified by the Attorney General that appellee had escaped from the penitentiary at McNeil Island while serving a sentence of five years there, and that inasmuch as there would be considerable expense in requiring appellee to serve the balance of that sentence at McNeil Island the warden was notified to detain appellee for service of the remainder of that sentence in the penitentiary at Leavenworth.

Appellee in his petition for the writ claimed that after deducting the time allowed for good conduct to which he was entitled under section 710, title 18, U. S. Code (18 USCA § 710), he had fully served the sentences

668

imposed on him by the District Court for the Eastern District of Missouri, that he had served the remainder of his term at McNeil Island concurrently with the terms imposed by the court for the Eastern District of Missouri, and was therefore entitled to his discharge. The District Judge for the District of Kansas so ordered and discharged appellee from custody. This is an appeal from that order.

■■■ It is the common law rule and the general practice, we think, in the Federal courts where a defendant is convicted at one and the same time of several distinct offences charged in one indictment or in several indictments to designate whether the several sentences shall run concurrently or consecutively. This is the exercise of an appropriate discretion on the part of the court. It may be done also where the defendant is in prison at the time of a second or subsequent trial, the sentence imposed on the second trial being made concurrent or cumulative with that imposed at the first trial which the defendant is then serving, he having been brought into court by habeas corpus, if necessary, for a second trial.

■ Obviously where an escaped prisoner commits other offences while at large, as here, and is tried and sentenced therefor, the court is not in a position to exercise a discretion whether the sentences then imposed shall be served concurrently with or in succession to the remainder of his prior sentence, unless advised of such prior sentence. There is nothing in this record tending to show that the judge who imposed the second sentences knew that petitioner had been sentenced by the District Court of Oregon in November, 1919, to serve a term of five years imprisonment at McNeil Island and had escaped therefrom soon after being committed thereto, thus leaving the greater part of that sentence unserved. He was convicted in Oregon of violating there the same sections of the statute that he violated in Missouri,—counterfeiting gold or silver coins and making or having in his possession dies or molds for that purpose —and his prison record brought into this case by an exhibit to the warden's return, which appellee does not deny, discloses that he had been twice convicted for counterfeiting prior to his conviction in 1919 in Oregon. In each of those three prosecutions he was charged under the name of Joe E. Riley, whereas for the like offence in Missouri in 1925 he was prosecuted as Harry H. Walker, alias Joseph E. Riley.

His counsel relies principally on our decision in White v. Kwiatkowski, 60 F.(2d) 264, 265. The court there announced the general rule that sentences will be taken as concurrent, "in the absence of a definite expression therein that they should be consecutive or cumulative." The court recognized that the general rule is not absolute and without exception. After noting that the two convictions in that case were had in the same court, we said: "Presumably, the court had knowledge of the first sentence when the second was pronounced." In Aderhold v. McCarthy (C. C. A.) 65 F.(2d) 452, the facts were somewhat similar to those in this case, and the court reached the conclusion that although the convictions and sentences were in different courts they should be held to have run concurrently. In support it was said that the accused was indicted both times under his true name, and that the phrase used, "penitentiary sentences to run concurrently" might have been intended to refer to the Vermont sentence, the first sentence being in that state and the last ones in New Hampshire. Also a somewhat similar case is Zerbst v. Lyman (C. C. A.) 255 F. 609, 610, 5 A. L. R. 377. In that case one sentence was imposed by a Federal court in the Southern District of California and the other by a like court in New York. Again it was said in the Lyman Case: "It could well be assumed that the court intended, if it can be assumed that it had knowledge of the pendency of another sentence, that the ordinary effect should follow." That is, that two or more sentences run concurrently in the absence of provision to the contrary.

There is no fact or circumstance in this record on which a presumption or inference can rest that the court in Missouri had knowledge that petitioner had been sentenced in November, 1919, by the District Court in Oregon to the penitentiary at McNeil Island in Washington and had escaped shortly after incarceration and was when arrested in Missouri a fugitive. Had it been advised of that fact it is probable, we think, no leniency would have been extended in making that sentence concurrent with the sentences then being imposed, but its discretion would have been invoked and exercised, expressly or sub silentio. And if petitioner's criminal record of two convictions and penitentiary sentences prior to the Oregon sentence in November, 1919, had been disclosed the sentences on the several counts imposed by the court in Missouri might not have been made to run concurrently. The reasons that support the general rule repel its application in this case.

Had appellee not admitted, but denied, in his application for the writ his identity as the Oregon convict (3 Wharton on Criminal Law, 7th and Rev. Ed., § 3416) and if the Acts of Congress had not given the Attorney General power to determine where sentences shall be served, other issues would have arisen for determination. It would be a dangerous procedure to permit executive officers to arrest and incarcerate a citizen on the claim that he was an escaped convict should he deny·his identity, without judicial inquiry as pointed out by Wharton.

The order of discharge is reversed with directions to vacate it, enter an order dis-. charging the writ, and enter an order remanding appellee to the custody of appellant.