## In re FEGLER.

### No. 25741.

District Court E. D. Michigan, Southern Division.

Dec. 18, 1940.

Thomas P. Thornton and Joseph Murphy, Asst. U. S. Dist. Attys., both of Detroit, Mich., for the United States.

Hugh E. Wilson, of Ann Arbor, Mich., for Richard Fegler.

PICARD, District Judge.

This matter comes before this court on petition of habeas corpus brought by Richard Fegler who is now prisoner at Federal Correctional Institution, Milan, Michigan.

On the 14th day of September, 1939, petitioner pleaded guilty to two separate indictments in the Federal Court for the Northern District of Ohio. The two indictments were designated by numbers 16077 and 16078 and in passing sentence the court in 16077 designated that the prisoner begin serving his sentence of one year and one day at the expiration of the sentence imposed in case 16078. Under indictment 16078 he was sentenced "for a period of one year and one day" to begin at the expiration of the sentence imposed in case No. 16077.

There is no denying that apparently the court intended to give the prisoner a sentence of one year one day on each indictment to follow consecutively and not to run concurrently, so that the total sentence intended was two years, two days. But since the wording was such that the prisoner was to begin his term in each case at the termination of the other, it was a sentence impossible of performance. Technically he could never begin to serve either sentence but actually the prisoner has been in jail now for one year and three months. So he presents this petition seeking freedom on the theory that he has served one year and one day and that the legal effect of the sentence as imposed, although probably intended to be two years two days, was in fact only one year one day. The government admits that the sentence is ambiguous, but contends that it is only "void" and that the prisoner should be returned to the court by which he was sentenced. In this connection is was stated in open court that if this were done, due consideration would be given by that court for the time the prisoner has already served.

The question, therefore, for us to decide is whether the prisoner should be returned

to the court by which he was sentenced or whether he is now entitled to his freedom.

### Conclusions of Law.

█ Recognizing the desirability of proper sentencing and that no man should escape consequences of his own wrongful act, this court has felt that in the interest of justice and for the good of society, it would be advisable that the prisoner be returned to the jurisdiction of the Northern District of Ohio; that this should be treated as a "void" sentence and that the "intent" of the sentencing judge as indicated by the decision in United States v. Remus, 12 F.2d 239 of this circuit, should be followed. But acting under the well recognized fundamental that it is better that ten guilty men escape than one innocent man suffer and that all questions of doubt should be resolved in favor of this defendant, we find ourselves controlled not only by a technical theory of justice, but by decisions of our own courts which to us appear determinative of the issue involved.

Therefore this court concludes that it does not agree with either petitioner or the government in toto for the reason that closely analyzing those decisions leaves us in no doubt of what our proper procedure should be even though we give due weight to the two cases cited by petitioner—United States v. Patterson, C.C., 29 F. 775, and Puccinelli v. United States, 9 Cir., 5 F.2d 6.

In the Patterson case, petitioner was before the court on a writ of habeas corpus testing the legality under an uncorrected sentence. The petitioner in that case had been sentenced to serve five years under each of three separate indictments, the said sentences not to run concurrently. This sentence was incorporated in one judgment entry and the court held that although 15 years were intended, he had served five years and no one could tell which "five years" it was. The doubt was resolved in favor of the defendant. In the Puccinelli case the petitioner was before the court on a writ of habeas corpus testing legality of the prisoner's detention under corrected sentences. In the main it is clear that there is a similarity between those cases and the one at bar for the sentences in the present case are ambiguous. One must agree that it is not possible to tell which of the two sentences is to be served first, although it is clearly apparent that the sentences were intended to be consecutive.

█ In applying to the case at bar the theories of law expressed in the Patterson and Puccinelli cases, supra, and following the admonition of Aderhold v. McCarthy, 5 Cir., 65 F.2d 452, that "serious uncertainty in criminal sentences must be resolved in favor of liberty", this court feels compelled to discharge petitioner on this writ of habeas corpus. However, in so doing it does not seek to foreclose the government from remedying the defect so that they may truly reflect the sentences actually imposed, a right which petitioner now claims the sentencing court no longer has. On the other hand, in the case of Downey v. United States, 67 App. D.C. 192, 91 F.2d 223, with both the Patterson and Puccinelli decisions before it, the court seemingly holds that this may be done.

Speaking for the court in Rupinski v. United States, 6 Cir., 4 F.2d 17, 18, Judge Mack stated: "While the general rule is that the records and decrees of the court cannot be altered after the term, there is a well-recognized exception in the case of mere clerical errors".

So in any event this court does not in the case at bar pass upon this question. Concretely, if in the instant case the sentences were consecutive the court pronouncing the sentence should correct the same if it has that right, while if the sentences uttered were concurrent, then there is nothing legally that requires correction and by our granting the writ with the condition hereinlater attached, justice can be done.

In the instant case no great damage results. The prisoner has served one year and three months. He has to some extent paid his debt to society. He was eligible for parole some time ago even if his sentence had been two years two days, but whether an injustice to society does or does not result, is really immaterial. It is likewise the province of this court to protect the rights of every man who may, through the most sacred writ of habeas corpus, provoke its aid.

█ An order may be entered directing the Warden of the Federal Correctional Institution to notify the United States Attorney for the Northern District of Ohio, Eastern Division, of this court's decision and that the prisoner shall be discharged from the custody of said Warden twelve days from the date hereof, said twelve days' delay being given to afford said District Court of Ohio time to take any action it desires or deems advisable and proper to prevent termination of said sentence.