SUBAS v. HUDSPETH, Warden.
No. 2288.

Circuit Court of Appeals, Tenth Circuit.
July 19, 1941.

Norman W. Baker, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

By proceedings in habeas corpus the appellant sought discharge from further custody on an offense for which he had been sentenced on January 7, 1922. The trial court denied the writ and he has appealed.

On December 27, 1921, the appellant was indicted in the District Court for the Eastern District of New York in case Number 8134. The indictment contained three counts, charging violations of the counterfeiting laws. The case was tried to a jury and appellant was found guilty on all three

counts of the indictment. On January 7, 1922, he was sentenced by the Judge of the said court. The legal effect of the court's judgment is challenged, and the record of the same follows: "Jan. 7/22. Before Garvin J. Deft present & sentenced 7 years imprisonment on each of three counts at Federal Penitentiary Atlanta, Ga. Sentence not to run concurrently."

Appellant contends that he is unlawfully detained in the custody of the appellee because the legal effect of the court's judgment imposes a maximum term of imprisonment of fourteen years; having served more than that period of time he is entitled to be discharged.

█ The appellant first contends that the use of the word "sentence" in its singular form, instead of its plural form in the court's judgment has the legal effect of imposing one sentence which when used in its approved terminology, should be interpreted to mean that the second and third count of the indictment were to run concurrently and, therefore, the total period for which the sentence was to run would be a maximum of fourteen years and not twenty-one as contended by the appellee.

█ It will be noted that the quoted record evidencing the court's judgment uses the word "sentenced" as an active verb to denote the pronouncement of the court's judgment as a punishment for the offense. The word "sentenced" is here used in its common ordinary accepted usage and has acquired a definite and unambiguous meaning in criminal jurisprudence. 24 C.J.S., Criminal Law, § 1556. Rawle's Third Revision of 2 Bouvier's Law Dictionary, page 3042. The word "sentence" as used in the minutes, evidencing the court's judgment, is a noun and denotes the judgment which the court has pronounced.

The effect of appellant's argument is that because the minutes evidencing the court's judgment failed to refer to the sentence and judgment of the court in the plural, the sentence and judgment on the third count in the indictment could not, or should not be construed as a separate and distinct judgment, intended to commence at the expiration of the sentence imposed on the second count.

This nebulous and fanciful argument does not admit of logical consideration. Here the appellant was tried and convicted on one indictment containing three counts. It is true that each count in the indictment constituted a separate and distinct offense, yet the guilt of the defendant on each count was considered by the same jury and established by one verdict. The court in the assessment of the punishment considered the three separate offenses simultaneously and there is nothing ambiguous in the minutes of the court which makes reference to the court's judgment by the use of the word "sentence" in its singular form. No ambiguity can result from the use of the singular word "sentence" to evidence the judgment of the court, although the judgment itself may include plural judicial acts.

It is true that when considered in its technical sense there was more than one judgment, more than one sentence, yet when considered in the light of the attendant facts, it would be a strained and tortured construction indeed to say that the failure to refer to the separate judgments, or sentences, in the plural failed to include all of them, or one of them, in making reference thereto for the purpose of reflecting the judicial act of the court.

The crux of the appellant's contention is that the phrase "the sentence not to run concurrently" does not sufficiently designate the order or sequence in which the appellant shall serve the sentence imposed upon the three counts of the indictment and because it does not clearly indicate the sequence of the serving of the sentence it is fatally defective insofar as it seeks to impose a servitude exceeding fourteen years.

Again it is difficult to follow the reasoning of appellant, because if the language used is not sufficiently clear to impose imprisonment for a period of twenty-one years, it is likewise insufficiently clear to impose imprisonment for fourteen years. If the reasoning urged is applicable the three sentences would be served concurrently and would therefore justify servitude for only seven years.

█ The appellant finds encouragement in the salutary rule which requires that a sentence or sentences imposed on more than one count in an indictment, or on more than one indictment at the same time, or at different times, by the same court or different courts, be plain and clearly expressive of the intention of the sentencing court. Any reasonable doubt or ambiguity arising in connection with the true meaning and intent of the sentencing court will be resolved in favor of the defendant. The judgment should be reason-

ably construed in accordance with the intent of the trial court if the language discloses such intent clearly, without doubt or obscurity. Absent clear language to the contrary, it is presumed that sentences imposed on more than one offense at the same time, or at different times, will run concurrently.[1] But, as pointed out in United States v. Daugherty, supra, " * * * the elimination of every possible doubt cannot be demanded."

The contention that the words "sentence not to run concurrently," does not with sufficient clarity specify the order or sequence finds support in early cases. United States v. Patterson, supra and Biddle v. Hall, supra. See, also, Zerbst v. Lyman, supra. However, since the decision in United States v. Daugherty, supra, courts have found such expressions sufficiently clear to evidence the intention of the court to impose consecutive sentences.[2] The judgment here questioned was sufficient to impose total imprisonment for twenty-one years, made up of three seven-year terms, one under the first count, one under the second and one under the third, to be served consecutively and to follow each other in the same sequence as the counts appeared in the indictment. The words "not to run concurrently" are not consistent with a fourteen year sentence. See United States v. Daugherty, supra.

The words "concurrent," "consecutive," and "accumulative" are not strangers to criminal jurisprudence and especially when used in denoting and specifying the manner and method in which sentences on more than one count of an indictment, or more than one indictment, are to be served. "Those words are generally used to indicate the intention of the Court." Hode v. Sanford, supra [101 F.2d 291]. When used in ordinary legal parlance and especially as adapted to judgments in criminal cases, the opposite of concurrent is consecutive and accumulative. If the sentences are not concurrent they are consecutive and accumulative, and they are to be served in their numerical order. We think there can be no doubt of the court's intention as reflected by the judgment and that it was the intention of the court to impose imprisonment for a term of seven years on each of the three counts of the indictment to run consecutively, in their numerical order.

The judgment of the trial court is affirmed.

---

[1] United States v. Daugherty, 269 U.S. 360, 46 S:Ct. 156, 157, 70 L.Ed. 309; Hode v. Sanford, 5 Cir., 101 F.2d 290; McNealy v. Johnston, 9 Cir., 100 F.2d 280; Zerbst v. Walker, 10 Cir., 67 F.2d 667; Aderhold v. McCarthy, 5 Cir., 65 F.2d 452; White v. Kwiatkowski, 10 Cir., 60 F.2d 264; Nishimoto v. Nagle, 9 Cir., 44 F.2d 304; Boyd v. Archer, 9 Cir., 42 F.2d 43, 70 A.L.R. 1507; Biddle v. Hall, 8 Cir., 15 F.2d 840; United States v. Remus, 6 Cir., 12 F.2d 239; Fredericks v. Snook, 5 Cir., 8 F.2d 966; Puccinelli v. United States, 9 Cir., 5 F.2d 6; Neely v. United States, 4 Cir., 2 F.2d 849 at page 853; Zerbst v. Lyman,
5 Cir., 255 F. 609, 5 A.L.R. 377; United States v. Patterson, C.C., 29 F. 775; Boyd v. Archer, 9 Cir., 42 F.2d 43, 70 A.L.R. 1507, seq. and 24 C.J.S., Criminal Law, § 1585.

[2] United States v. Daugherty, supra; Hode v. Sanford, supra; McNealy v. Johnston, supra; Zerbst v. Walker, supra; Aderhold v. McCarthy, supra; White v. Kwiatkowski, supra; Nishimoto v. Nagle, supra; Boyd v. Archer, supra; United States v. Remus, supra; Fredericks v. Snook, supra; Puccinelli v. United States, supra; Neely v. United States, supra; Boyd v. Archer, supra, and 24 C.J.S., Criminal Law, § 1585.