## Ex parte BLOCK.
### No. 781.

District Court, W. D. Washington, S. D.
Oct. 29, 1945.

Petitioner pro se.

J. Charles Dennis, U. S. Atty., and Guy A. B. Dovell, Asst. U. S. Atty., both of Tacoma, Wash., for respondent.

BOWEN, District Judge.

While already serving a penitentiary sentence for unlawful impersonation pursuant to conviction and sentence in the Utah United States District Court, the petitioner was brought from prison before the United States District Court at Dallas, Texas, on a charge of violating the Mail Fraud and Securities Acts in another case in which he pleaded guilty and on June 14, 1943, was convicted and sentenced to serve 2 years in the custody of the Attorney General. In connection with that Texas sentence the Court ordered "that sentence imposed in this cause is not to run concurrently with any other sentence." Nothing else was said by the Court as to the manner or time of executing the sentence of the Texas Court in relation to the execution by petitioner of any other sentence in any other case.

Petitioner here presents his petition for habeas corpus and asks that he be now released from custody of respondent warden, contending in effect that after allowing credit for his earned good time the Utah sentence was completely executed on August 9, 1945; that, notwithstanding the Texas Court's direction against concurrent execution of the Texas sentence (which direction petitioner contends is void for uncertainty and vagueness), that sentence, if concurrent execution is allowable, has been fully executed concurrently with his execution of the Utah sentence; and that he is entitled to be now discharged from further custody in respect to both sentences.

Respondent, however, contends the Texas Court's order as to non-concurrence of execution of sentence is valid and should result in requiring petitioner to now execute the Texas sentence after he has completed execution of the Utah sentence, since petitioner has not completed the consecutive execution of his Texas sentence following completion of his Utah sentence.

Although it is helpful to note what has been said in the number of cases decided by federal courts generally on what is the proper test as to whether execution of a later sentence shall run along with or follow execution of an earlier sentence whose execution is not completed when the later sentence is imposed, the first inquiry of this Court in this case must be whether the test has been determined by the Supreme Court or by the Circuit Court of Appeals for this Circuit.

In Puccinelli v. United States, 9 Cir., 5 F.2d 6, 7, Judge Rudkin for the Court said:

"Where sentences are imposed on verdicts of guilty or pleas of guilty on several indictments, or on several counts of the same indictment, in the same court, each sentence begins to run at once and all run concurrently, in the absence of some definite, specific provision that the sentences shall run consecutively, specifying the order of sequence. United States v. Patterson, C.C.N.J., 29 F. 775; Daugherty v. United States, 8 Cir., 2 F.2d 691."

But on the point in question the decision of the lower court in the Daugherty case cited by Judge Rudkin, supra, was reversed on appeal by the Supreme Court. 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309.

The Patterson case cited by Judge Rudkin, supra, involved three separate indictments in, and dealt with by, the same trial court. The Puccinelli case, wherein Judge Rudkin used the above quoted language, involved four separate informations in, and dealt with by, the same trial court, which, however, in originally imposing the sentences omitted to say whether the sentences should be served concurrently or consecutively. Several months later the trial court invalidly directed consecutive execution of two of the sentences, with the result that the Ninth Circuit Court of Appeals, in

holding the sentences were served concurrently, was dealing with a case having no direction from the trial court as to whether the sentences were to be served concurrently or consecutively. In that situation, of course, there should be concurrent execution of the sentences in accordance with Judge Rudkin's view.

But this Court is not aware of any controlling decision of the United States Supreme Court or the Ninth Circuit Court of Appeals upon facts like those in the case at bar. Here petitioner Block was indicted in only two separate cases in two different courts. One case in which he was first sentenced was in the Utah United States District Court. The other case in which he received a later sentence after commencing execution of his earlier sentence was in the United States District Court at Dallas, Texas. The Texas Court imposing the later sentence directed that it should not run concurrently with any other sentence, which is tantamount to ordering consecutive execution of sentence. United States v. Patterson, C.C.N.J., *29 F. 775, at 778.* The same Texas Court ordered that petitioner Block be brought before it from the penitentiary where he was already serving his earlier sentence in order that he might be prosecuted in the same case in which he was given the later sentence by the same Texas Court which had ordered petitioner Block to be brought from his prison for such prosecution in the Texas Court.

The Texas Court must have known petitioner Block was already serving his earlier sentence, and in directing that execution should not be concurrent with any other sentence must be regarded as having intended, as any normal person with the same knowledge and using the same words would have intended, that the Texas sentence should be served following completion of execution of the only other sentence then outstanding, namely, the one from the Utah Court petitioner Block was then serving. Certainly the petitioner could not have been in doubt as to which sentence was to be served first because he was then already first serving the Utah sentence. That fact being known to the Texas sentencing Court compels the conclusion that the Texas Court intended by its direction against concurrent execution that the serving of the Texas sentence should commence upon completion of execution of the sentence petitioner was then already serving.

The following cases, although not on all fours with the facts here, throw much light upon the situation here presented: Kirk v. Squier, 9 Cir., 150 F.2d 3; Subas v. Hudspeth, 10 Cir., 122 F.2d 85, at 87; Zerbst v. Walker, 10 Cir., 67 F.2d 667.

It is the finding, conclusion and decision of this Court that the Petition for habeas corpus herein should be denied and dismissed, and it is directed that counsel for respondent submit formal findings, conclusions, and judgment in accordance herewith.

The Clerk will forthwith mail an uncertified copy of this decision to the petitioner and to respondent and his attorney.